### GREEN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 4, 1907.)

No. 1,316.

1. ALIENS—NATURALIZATION—FALSE REPRESENTATION OF CITIZENSHIP—ELEMENTS OF OFFENSE.

An alien, who knowingly makes a false affidavit that he has been duly naturalized as a citizen of the United States, before a registration officer, for the purpose of procuring himself to be registered as a voter at an approaching election in a state, commits an offense in violation of Rev. St. § 5428 [U. S. Comp. St. 1901, p. 3670], which makes it a criminal offense for any person to falsely represent himself to be a citizen of the United States without having been duly admitted to citizenship "for any fraudulent purpose whatever."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Aliens, § 161.]

2. SAME—HAVING IN POSSESSION FALSE NATURALIZATION CERTIFICATE.

To constitute an offense under the provision of Rev. St. § 5425 [U. S. Comp. St. 1901, p. 3669], that "every person * * * who without lawful excuse knowingly is possessed of any false, forged, antedated or counterfeit certificate of citizenship * * * knowing such certificate to be false, forged, antedated or counterfeit, with intent unlawfully to use the same," shall be punished, etc., it is not necessary that such false certificate be actually used for an unlawful purpose.

In Error to the District Court of the United States for the Northern District of California.

H. W. Hutton and Frank J. Murphy, for plaintiff in error.

Robert T. Devlin, U. S. Atty.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge. By his appeal in this case the plaintiff in error challenges the sufficiency of the second and third counts of the indictment upon which he was tried and convicted. The second count is based upon section 5428 of the Revised Statutes [U. S. Comp. St. 1901, p. 3670], which is as follows:

"Every person who knowingly uses any certificate of naturalization heretofore granted by any court or hereafter granted, which has been, or may be procured through fraud or by false evidence, or has been or may be issued by the clerk, or any other officer of the court without any appearance and hearing of the applicant in court, and without lawful authority; and every person who falsely represents himself to be a citizen of the United States without having been duly admitted to citizenship, for any fraudulent purpose whatever, shall be punishable" in a certain prescribed way.

It is contended on behalf of the plaintiff in error that "the most the second count of the indictment shows is preparation for an offense,

and preparation for a crime is not punishable." As a matter of course, if the indictment be justly subject to that criticism, it would be bad; but upon examination we do not find it so. The charge is, in effect, that at a certain time and place, at the city and county of San Francisco, and at a registration then proceeding of voters of a certain precinct of that city and county, for an election of presidential electors, members of Congress, and other officers, to be held in the state of California at a certain stated time, the defendant (plaintiff in error) "did unlawfully, willfully, knowingly, and feloniously, falsely and fraudulently represent himself to be a citizen of the said United States of America, without having been duly admitted to such citizenship, and for the fraudulent purpose of causing himself to be registered as a voter at said election, when, in fact, he, the said John Francis Green, was an alien and had never been naturalized as a citizen of the United States of America, or admitted to such citizenship"; the particulars of which alleged act the indictment proceeded to set out as follows:

"He, the said John Francis Green, then and there being at the time and place of said registration as aforesaid, came in person before Frank Asche Faron, then and before that time being a deputy registrar of voters at said registration for said election aforesaid, and made application and made and subscribed an affidavit for the purpose of causing himself to be registered as a voter at said registration, for said election; and the said John Francis Green so making the said application to be registered at said registration, at and upon the making of said affidavit, it became and was then and there material to know whether the said John Francis Green had been naturalized, and in what place he had been naturalized as a citizen of the United States of America; and, thereupon, the said John Francis Green then and there was in due manner sworn by the said Frank Asche Faron and made oath before him then and there of and concerning the truth of the matter contained in the said affidavit: he, the said Frank Asche Faron, then and there being said deputy registrar of voters as aforesaid, and having then and there competent authority to administer the said oath to the said John Francis Green in that behalf; and the said John Francis Green so being sworn as aforesaid, then and there, in and by his said affidavit, willfully, corruptly, and falsely, and contrary to his said oath, did depose and swear, as in the said affidavit set forth, that he was naturalized in the state of California on the 8th day of November, in the year 1900, whereas, in truth and fact, as the said John Francis Green well knew at the time he was so sworn and made affidavit, as aforesaid, the said John Francis Green, at the time he was so sworn and made affidavit, as aforesaid, had never been naturalized as a citizen of the United States of America, and was an alien."

Nothing more is needed than a perusal of this indictment to show that the plaintiff in error did not merely "prepare" to commit the offense denounced by the statute quoted, but, according to the averments of the indictment, and the finding of the jury, he took active steps to falsely represent himself a citizen of the United States.

The third count of the indictment was based upon that portion of section 5425 of the Revised Statutes [U. S. Comp. St. 1901, p. 3669] which reads as follows:

"Every person * * * who, without lawful excuse, knowingly is possessed of any false, forged, antedated or counterfeit certificate of citizenship, purporting to have been issued under the provisions of any law of the United States relating to naturalization, knowing such certificate to be false, forged, antedated or counterfeit, with intent unlawfully to use the same * * * shall be ' punished in a certain prescribed way.

150 F.—36

The objéction made by counsel for the plaintiff in error to the third count is that, it having alleged that the plaintiff in error had in his possession a certain alleged false certificate of naturalization, which is specifically set out in the indictment, "with intent then and there unlawfully to use the same for the purpose of having himself registered as a voter," it was essential that the indictment should have alleged that that purpose was consummated.

Under the statute upon which this count is based, it is plain that the actual use of the false, forged, or counterfeited certificate, purporting to have been issued under the provisions of any law of the United States relating to naturalization, by one who, without lawful excuse, is possessed of it, "knowing such certificate to be false, forged, antedated, or counterfeit, with intent unlawfully to use the same," is not essential. The gist of the offense, under the statute, is the having in his possession of such false, forged, or counterfeit certificate, without lawful excuse, and with knowledge of its true character, with the intent unlawfully to use the same. Its actual use is not made necessary by this statute.

The judgment is affirmed.