(164 App. Div. 41)

### DREYER v. McCORMACK REAL ESTATE CO.

(Supreme Court, Appellate Division, Second Department. October 2, 1914.)

1. JUDGMENT (§ 593*)—RES JUDICATA—ISSUES.

    Where, after work under a contract had been stopped by mutual consent before completion plaintiff sued and recovered judgment for work already done, there having been no default by either party, plaintiff could not in that action have recovered for loss of profits under the contract, and hence the judgment was not res judicata against a subsequent action therefor.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1108; Dec. Dig. § 593.*]

---

2. CONTRACTS (§ 279*)—BREACH—PROFITS—RIGHT TO RECOVER.

   Where work under a contract was stopped by mutual consent, and there had been no subsequent offer by plaintiff to perform or refusal by defendant to permit a completion of the work, there was no breach of contract, however long the suspension continued, which would entitle the plaintiff to sue for loss of profits.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1233-1248; Dec. Dig. § 279.*]

Appeal from Trial Term, Queens County.

Action by William F. Dreyer against the McCormack Real Estate Company. From a judgment for plaintiff, and, from an order denying defendant's motion for a new trial, it appeals. Reversed and dismissed.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

Benjamin Reass, of Brooklyn (Hugo Hirsh and Emanuel Newman, both of Brooklyn, on the brief), for appellant.

James M. Gray, of Brooklyn, for respondent.

THOMAS, J. The work was suspended by mutual consent in July, 1908, and this action was begun without any attempt by word or act on the part of the plaintiff to perform, or any refusal to permit its progress on the part of the defendant. The plaintiff's theory is that defendant came into actionable fault by lapse of time. The cessation of the work was concerted by the parties, and a cause of action against defendant did not accrue from the continuance of the status initiated by both parties. The defendant, from a state of permitted repose, could not, without some act on its part or that of plaintiff, come into delinquency. What does the plaintiff mean by defendant resuming? The plaintiff, not the defendant, was the actor. The plaintiff could work, or offer to work. The defendant could only meet such action by assent or dissent. Although the parties remained friendly and were in association, nothing was even suggested by plaintiff. Hence the action is premature.

[1] But in April, 1910, the plaintiff sued in the Municipal Court for work already done, and after issue joined it was stipulated that the action should be discontinued upon certain payments made by defendant, or in default thereof judgment entered. The payments were made and the action discontinued. In August, 1910, this action was brought to recover the profits of the contract, and, although the former action and payment pursuant to stipulation were pleaded and proved, recovery was had. If, at the time the action in the Municipal Court was begun, the cause of action for the profits had accrued, then this action is barred by the proceedings in the former action. O'Beirne v. Lloyd, 43 N. Y. 249.

[2] But at that time recovery of the profits could not be had, as the work on the contract was in abeyance by agreement of the parties, and no breach as to the work undone existed. Hence plaintiff

then sued only for a balance of the price of work done, which was due him according to the terms of the contract, at least to the extent of 75 per cent. thereof. As to the future profits, the defendant was not in default. As to work done, he was in default. Hence the settlement did not and could not affect an action for profits. But if the defendant was not in default as to profits in April, when the former action was begun, he was not in default as to such profits when this action was begun, as neither party had done any act that affected the situation. The plaintiff could not sue for profits in April or in July, because at neither period did a cause of action exist for them. If he urges that the present cause of action existed in July, then he is met by the demand that it existed in April, and should have been included in the former action. In my judgment, the profits were not recoverable in April. Hence the settlement of the former action is not a bar to this action. But this action is not maintainable, as defendant was not put in default as to the profits before this action was begun.

The judgment and order should be reversed, and the complaint dismissed, with costs. All concur.