**UNITED STATES v. RAYMOND.**

No. C-3641.

District Court, E. D. Washington, S. D.

Jan. 28, 1941.

Lyle Keith, Dist. Atty., and Harvey Erickson, Asst. Dist. Atty., both of Spokane, Wash., for plaintiff.

Cheney & Hutcheson, of Yakima, Wash., for defendant.

SCHWELLENBACH, District Judge.

Defendant is charged with violating that portion of Title 18, U.S.C.A. § 141, reading as follows: "Whoever, for any fraudulent purpose whatever, shall falsely represent himself to be a citizen of the United States without having been duly admitted to citizenship, shall be fined not more than $1,-000, or imprisoned not more than two years, or both."

The indictment contains four counts. They are identical except as to dates. They charge that the defendant "did then and there falsely, unlawfully and feloniously represent himself to be a citizen of the United States to the members of the Election Board of Precinct No. 14, in the City of Yakima, Yakima County, Washington, for the purpose of being permitted to vote at an election then and there being held under the laws of the State of Washington; whereas in truth and in fact, as the defendant then and there well knew, said defendant was born in Nanaimo, British Columbia, Canada, on March 7, 1894, and had not on September 13, 1938, been admitted to citizenship in the United States of America."

To each count defendant demurs. The demurrer is based upon the failure of the indictment to contain averments that defendant knew he was not entitled to vote

unless he was a citizen and that he represented himself to be a citizen in order to deceive the election board.

The rule is universally recognized that for a representation to be fraudulent it must be made concerning a material fact with knowledge of its falsity and with intent to deceive. It necessarily follows that a person would have to know of the materiality of a representation which he is accused of making fraudulently. Otherwise, he could not be making use of it with intent to deceive.

"The criminal intent of the accused must be alleged where the criminality of the act depends on the intent with which it was done." 27 Am.Jur. pp. 631, 632.

"Intent is always vital when fraud is in issue." United States v. Shurtleff, 2 Cir., 43 F.2d 944.

Since this indictment is based upon a statute which makes a "fraudulent purpose" the basis of the offense, it must follow that its failure to contain a scienter allegation is fatal.

The case of Green v. United States, 9 Cir., 150 F. 560, 561, is not in point. There questions were raised as to the second and third counts of the indictment. The question described concerning the second count was that the act of registering for an election in violation of the statute was a crime and not merely "preparation for a crime." The gravamen of the offense in the third count was the use of a "false, forged, antedated or counterfeit certificate of citizenship." The question raised here was in no way passed upon in that decision.

The demurrer must be sustained.