## JACKSON v. UNITED STATES.
### No. 12279.

Circuit Court of Appeals, Eighth Circuit.
Dec. 14, 1942.

607

J. F. Schlafly, Jr., of Alton, Ill., for appellant.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (David M. Robinson, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The appellant (who will be referred to as the defendant) on December, 6, 1941, entered a plea of guilty to an indictment based upon § 408c, 18 U.S.C.A., charging him with having traveled in interstate commerce from St. Louis, Missouri, in the Eastern Division of the Eastern Judicial District of Missouri, to New York City, New York, with intent to avoid prosecution for robbery in the first degree in a case

pending against him in the St. Louis Court of Criminal Correction. The sentence imposed upon the defendant was imprisonment for three years. He has appealed from the judgment, which he asserts is invalid, (1) because, at the time he entered his plea of guilty, he did not have the assistance of counsel and had not competently waived his right to the assistance of counsel; (2) because the indictment was insufficient; and (3) because the court, in sentencing him, provided that the three-year sentence of imprisonment which it imposed should run consecutively and not concurrently with a five-year sentence of imprisonment which shortly before had been imposed upon the defendant by a State court in St. Louis, Missouri, for robbery.

In addition to the record on appeal, we have been furnished by the Government with certain documents explanatory of what occurred in the court below. We cannot, of course, concern ourselves with anything which does not appear in the record. The record shows that the indictment was filed on March 4, 1941; that the defendant was arraigned on April 7, 1941; that the court, at his request, appointed counsel for him; that a plea of not guilty was entered; that his counsel then withdrew from the case; that the court appointed other counsel to represent him; that a record entry of the court recites that on December 6, 1941, "defendant in the absence of counsel heretofore appointed by the Court, waives the assistance of counsel, and by leave withdraws his plea of not guilty heretofore entered and enters plea of guilty to indictment herein;" and that thereupon the judgment complained of was entered.[1]

[1] "Judgment and Commitment
(Filed Dec. 6, 1941)
"On this 6th day of December, 1941, came the United States Attorney, and the defendant Andrew Jackson appearing in proper person, and having been fully advised by the Court of his Constitutional rights, and with full knowledge thereof, waives the assistance of counsel heretofore appointed by the Court for him, withdraws his plea of not guilty heretofore entered, and,
"The defendant having been convicted on his plea of guilty of the offense charged in the indictment in the above-entitled cause, to-wit: That defendant knowingly, wilfully and unlawfully did move in interstate of foreign Commerce from the City of New York in the State

of New York to avoid prosecution for a felony in a case pending against him in the St. Louis Court of Criminal Correction and the defendant having been now asked whether he has anything to say why judgment should not be pronounced against him, and no sufficient cause to the contrary being shown or appearing to the Court, it is by the Court-
"Ordered and adjudged that the defendant, having been found guilty of said offenses, is hereby committed to the custody of the Attorney General for imprisonment in an institution of the Penal type to be designated by the Attorney General or his authorized representative for the period of Three (3) Years, such term to run consecutively and not concurrently with the term of imprisonment

It further appears from the record that on December 13, 1941, the defendant filed a motion, which was verified upon knowledge, information and belief, to set aside the judgment and for leave to withdraw his plea of guilty. This motion stated, in substance, that on November 14, 1941, after a trial in the St. Louis Court of Criminal Correction, he was convicted of robbery in the first degree, and that the jury assessed his punishment at imprisonment for five years in the Missouri State penitentiary; that on December 5, 1941, he was sentenced by that court to serve five years in that penitentiary; that on December 6, 1941, the defendant was taken to the United States Court House in St. Louis, where he told an Assistant United States Attorney that he (the defendant) was anxious to have his federal case out of the way, so that he could begin serving his time in the State Penitentiary; that he understood this Assistant United States Attorney to say that "his [the defendant's] counsellor was in Alton, Illinois, and couldn't get down, but had said for him to plead guilty and everything would be all right;" that the defendant thought he would not be required to serve any additional time because of the federal indictment, and supposed that the State and Federal sentences would run concurrently, and that it was in reliance upon this misunderstanding that he withdrew his plea of not guilty and entered a plea of guilty; that he had a meritorious defense; that the indictment is fatally defective because "at no time prior, during, or within ten months after, the defendant's leaving St. Louis, Missouri, and moving to New York City, New York was there a prosecution for robbery pending against him in the St. Louis Court of Criminal Correction; that the prosecution referred to in the indictment in this case was not initiated until the Fall of 1939, and that defendant has already been incarcerated on this charge almost a year, that is since February, 1941." The defendant further stated in his motion that "the statements made by the Parole officer to this Honorable Court on the morning of December 6, 1941 could have been answered had defendant's counsel been present; that the fact that the de-

fendant had been arrested some seventy-odd times by the St. Louis Police, but had been prosecuted only four times and these four times resulted in sentences for misdemeanors in the St. Louis Workhouse is evidence in itself that the arrests were unwarranted and are not to be considered as proof of any guilt." The final assertion made by the defendant in his motion was that "his plea of 'not guilty' was withdrawn and his plea of 'guilty' entered by reason of a misunderstanding and mistake of fact and without affording him an opportunity to have the advice and assistance of the counsel appointed to defend him by this Honorable Court." The purport of the defendant's statements appears to be that he entered a plea of guilty because he was anxious to have the federal case disposed of, but that the sentence which he received was not the sentence he expected and that if his counsel had been present the result would have been different. The record discloses that on January 7, 1942, the court denied the defendant's motion to vacate the judgment and to set aside the plea of guilty.

▮▮▮ While we think that the court below, for its own protection and that of the defendant, might well have insisted upon the presence of defendant's counsel at the time the defendant was permitted to withdraw his plea of not guilty and to enter a plea of guilty, there is no evidence in the record upon which to base a conclusion that the defendant did not voluntarily, advisedly, and intelligently waive his right to the assistance of his counsel, and enter his plea of guilty. The statements contained in his motion, which was made after the imposition of sentence, are not proof that the defendant's constitutional right to the assistance of counsel was not competently waived, and are insufficient to impeach the records of the court, which indicate that the contrary was true. See and compare, Glasser v. United States, 315 U.S. 60, 87, 62 S.Ct. 457, 86 L.Ed. 680; Lisenba v. California, 314 U.S. 219, 226, 227, 62 S.Ct. 280, 86 L.Ed. 166; Gleckman v. United States, 8 Cir., 16 F.2d 670, 677. It was for the court below to appraise the truthfulness of the defendant's assertions.

---

of five years imposed upon said defendant in Division No. 11 of the Circuit Court of the City of St. Louis, Missouri, on November 11, 1941 by Honorable William Koerner, Circuit Judge.

"It is further ordered that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the same shall serve as the commitment herein."

The motion of the defendant to withdraw his plea of guilty, having been made after the imposition of sentence, came too late. Rule 2(4) of the Rules of Practice and Procedure in Criminal Cases, promulgated by the Supreme Court, 18 U.S.C.A. following section 688, provides: "A motion to withdraw a plea of guilty shall be made within ten (10) days after entry of such plea and before sentence is imposed." See Farrington v. King, 8 Cir., 128 F.2d 785, 787, and cases cited.

The indictment sufficiently advised the defendant of the charge which he was required to meet, and was specific enough to avoid the danger of his being prosecuted again for the same offense. That is all that was necessary. See Hewitt v. United States, 8 Cir., 110 F.2d 1, 6, and cases cited. In his reply brief, the defendant contends that the indictment should have alleged that the crime of robbery referred to therein was committed in the Federal judicial district in which the indictment was returned; this, because the last sentence of § 408e, 18 U.S.C.A., provides: "Violations of this section may be prosecuted only in the Federal judicial district in which the original crime was alleged to have been committed." The indictment charged that the defendant had traveled from the jurisdiction of the court below to New York City, with intent to escape prosecution for robbery in a case pending against him in that jurisdiction. This, we think, was sufficient. But, even if the indictment was defective in that regard, the defect was purely formal. The defendant does not contend that he was prosecuted in the wrong district, and, clearly, he was not.

With respect to the sentence imposed upon him by the court below, the defendant's complaint is that the court could not provide that the sentence should be in addition to the sentence imposed upon him by the State court. It is, of course, true that the court below was without power to condition or control the sentence imposed by the State court.[2] The question whether the term of that sentence is at all affected by the imposition of the sentence in suit, and the questions as to when the sentence of the State court commences to run and as to how much of the term of imprisonment specified in that sentence the defendant will be required to serve after he shall have completed serving the sentence imposed by the court below, are questions to be determined by the State court. It is certain that the pronouncement of the court below that its sentence is not to be served concurrently with that imposed by the State court does not invalidate the judgment appealed from. Compare, Ponzi v. Fessenden, 258 U.S. 254, 265, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879.

Since the defendant has failed to show that error was committed by the court below, the judgment appealed from is affirmed.

---

[2] The State court sentence is referred to by the defendant as having been imposed by the St. Louis Court of Criminal Correction on December 5, 1941. The judgment appealed from refers to the State court sentence as being a sentence imposed by the Circuit Court of the City of St. Louis on November 11, 1941. We have assumed that the parties are referring to the same State court sentence, since the sentence for robbery is the only State court sentence referred to in the briefs. The judgment appealed from (if correctly shown in the record) appears to have been carelessly drafted with respect to the description of the federal offense charged and in other respects. Defendant's counsel asserts that it was filed long after the date upon which it purports to have been filed, but the record contains no evidence to that effect.