## ACKERSCHOTT v. UNITED STATES.

### No. 10422.

Circuit Court of Appeals, Ninth Circuit.

Nov. 18, 1943.

Dockweiler & Dockweiler, Henry I. Dockweiler, and Frederick C. Dockweiler, all of Los Angeles, Cal., for appellant.

Charles H. Carr, U. S. Atty., and Betty Marshall Graydon, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from conviction and sentence for violation of 18 U.S.C.A. § 141, R.S. § 5428. That statute, so far as here applicable, provides that "whoever, for any fraudulent purpose whatever, shall falsely represent himself to be a citizen of the United States without having been duly admitted to citizenship, shall be fined not more than $1,000, or imprisoned not more than two years, or both." The indictment herein charged that appellant, at a registration for voters at a specified election, at a time and place stated, "did knowingly, wilfully, unlawfully, feloniously, falsely and fraudulently represent himself to be a citizen of the United States of America without having been duly admitted to such citizenship, and for the fraudulent purpose of causing himself to be registered as a voter at said election, when, in fact, he, the said Theodore Robert Ackerschott was an alien and had never been naturalized as a citizen of the United States of America, or admitted to such citizen-

ship, as the said defendant then and there well knew; * * *".

Appellant's sole contention on this appeal is that the indictment does not state an offense because it fails to allege that appellant knew that citizenship was a requisite to lawful registration as a voter. The indictment charges a false representation of citizenship for a fraudulent purpose. This follows the language of the statute and is sufficient. United States v. Lepowitch, 318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091; Lamar v. United States, 241 U.S. 103, 36 S.Ct. 535, 60 L.Ed. 912; Pierce v. United States, 314 U.S. 306, 307, 62 S.Ct. 237, 86 L.Ed. 226. See also the decision of this court sustaining a similar indictment under the same statute, 18 U.S.C.A. § 141, R.S. § 5428, Green v. United States, 9 Cir., 150 F. 560.

Appellant cites in support of his position, Gulotta v. United States, 8 Cir., 113 F.2d 683; United States v. Watkinds, C.C., 6 F. 152; and United States v. Raymond, D.C., 37 F.Supp. 957. These cases are not applicable to this indictment which charges false representation of citizenship for a fraudulent purpose.

United States v. Watkinds, supra, was a decision of the United States Circuit Court for the District of Oregon. It was a prosecution for illegal voting prohibited by R.S. § 5511. It was held essential under that statute as construed by the court to allege that the defendant knew he had no right to vote. In Gulotta v. United States, supra, the indictment under 18 U.S.C.A. § 141, was not challenged, but so far as appears from the summation thereof in the opinion it did not contain an allegation that the defendant knew he had no right to vote. In United States v. Raymond, 37 F.Supp. 957, the District Court for the Eastern District of Washington held that when the charge under 18 U.S.C.A. § 141 was for falsely representing to the election board that the defendant was a citizen it was essential to allege that the defendant knew that because he was an alien he had no right to vote, that is to say, it must be alleged that he knew his statement was material as well as false. It is sufficient to distinguish this case from that to say that the present allegations that the registration was false and for a fraudulent purpose following the language of the statute are a sufficient charge of the statutory crime. It is therefore unnecessary to pass upon or question the point presented to the court in that case.

Judgment affirmed.