## UNITED STATES v. ACHTNER.
### No. 416.

Circuit Court of Appeals, Second Circuit.
July 10, 1944.

Morris Streicker, of New York City, for appellant.

Stuart Z. Krinsly, Asst. U. S. Atty., of New York City (James B. M. McNally, U. S. Atty., and Bruno Schachner, Asst. U. S. Atty., both of New York City, on the brief), for appellee.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The indictment here charged that on or about October 8, 1941, defendant, Wolfgang T. Achtner, being an alien never naturalized as a citizen, "unlawfully, wilfully and knowingly did falsely represent himself to E. L. Kenney of the Ebasco Services, Inc., 2 Rector Street, New York City," to be a naturalized citizen of the United States, in violation of 8 U.S.C.A. § 746(a) (18), which was expressly cited. Defendant pleaded "not guilty" to this charge at his arraignment on January 11, 1944; but on January 21, 1944, the day on which his present counsel was assigned, he changed that plea to "guilty." Thereafter, on February 2, 1944, he moved for an order permitting him to change his plea to "not guilty" and to quash the indictment as insufficient on its face. The court denied the motion, however, in a considered opinion and sentenced defendant to imprisonment for three years. This appeal attacks the judgment of conviction and the denial of the motion to quash the indictment and change the plea of "guilty" on the ground that no offense against the United States has been charged.

The statute, 8 U.S.C.A. § 746(a), sets out in thirty-four numbered subdivisions at least that number of separate offenses related in some way to naturalization proceedings, citizenship status, and the control of aliens in this country. It represents for the most part a codification in one place in the Nationality Act of 1940 of offenses formerly scattered in various places. Subdivision (18), with which we are immediately concerned, makes it a felony for any alien "knowingly to falsely represent himself to be a citizen of the United States without having been naturalized or admitted to citizenship, or without otherwise being a citizen of the United States." This subdivision is a substantial re-enactment of the repealed 18 U.S.C.A. § 141, originally passed in 1870, which, under the heading, "Falsely claiming citizenship," made liable to fine and imprisonment any person who "for any fraudulent purpose whatever, shall falsely represent himself to be a citizen of the United States without having been duly admitted to citizenship." Thus, the only pertinent difference between the definitions of the two sections is that the present statute has substituted the words "knowingly to falsely represent" in the place of the prior representation "for any fraudulent purpose whatever." Significant also is the increase in the penalty by the later legislation from a maximum of $1,000 fine and two years' imprisonment to a $5,000 fine and five years' imprisonment.

The first and most important question with which we are presented concerns the sufficiency of the indictment, which, as we have seen, does little more than reiterate the language of the statute. We are no longer bound by ancient and antiquated rules of common-law criminal pleading, and can now consider the adequacy of indictments on the basis of practical, as opposed to technical, considerations. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861, and cases cited therein; United States v. Goldsmith, 2 Cir., 108 F.2d 917, 920, certiorari denied Goldsmith v. United States, 309 U.S. 678, 60 S,Ct. 715, 84 L.Ed. 1022; Hill v. United States, 4 Cir., 42 F.2d 812, 814, certiorari denied 282 U.S. 884, 51 S.Ct. 87, 75 L.Ed. 780; Hopper v. United States, 9 Cir., 142 F.2d 181, 184, 185. Hence an indictment which charges a statutory crime by following substantially the language of the statute is amply sufficient, provided that its. generality neither prejudices defendant in the preparation of his defense nor endangers his constitutional guaranty against double jeopardy. Armour Packing Co. v. United States, 209 U.S. 56, 83, 28 S.Ct. 428, 52 L.Ed. 681; Pounds v. United States, 171 U.S. 35, 38, 18 S.Ct. 729, 43 L.Ed. 62; Ledbetter v. United States, 170 U.S. 606, 612, 18 S.Ct. 774, 42 L.Ed 1162; Potter v. United States, 155 U.S. 438, 444, 15 S.Ct. 144, 39 L.Ed. 214; United States v. Britton, 107 U.S. 655, 2 S.Ct. 512, 27 L.Ed. 520; United States v. Simmons, 96 U.S. 360, 24 L.Ed. 819; United States v. Lepowitch, 318 U.S. 702, 704, 63 S.Ct. 914, 87 L.Ed. 1091; United States v. Kushner, 2 Cir., 135 F.2d 668, 673, certiorari denied Kushner v. United States, 320 U.S. 212, 63 S.Ct. 1449, 87 L.Ed. 1850; Elder v. United States, 9 Cir., 142 F.2d 199, 200; Hill v. United States, supra; cf. A.L.I., Code Crim.Proc., 1930, § 154. This is all the more true after verdict, as in the present case. Grey v. United States, 7 Cir., 172 F. 101; United States v. Rosenberg, D.C.S.D.N.Y., 251 F. 963, L. Hand., D.J. Indeed, indictments under the earlier form of the statute following its language appear to have been adequate. Ackerschott v. United States, 9 Cir., 139 F.2d 114; Green v. United States, 9 Cir., 150 F. 560. As defendant here does not, as well as he could not, claim to have been prejudiced in his defense or placed in danger of double jeopardy, the indictment must, therefore, stand against any objection to merely its generality of allegation.

More particularly the contention is made that no crime is charged since subsections (b) and (c) of § 746 must be considered limitations upon the various offenses set forth in subsection (a). Subsection (b) provides that the terms of the section shall apply to copies and duplicates, as well as to the originals, of the various papers and certificates necessary in naturalization proceedings, while subsection (c) extends the application of the section to any court, whether or not specified in subsection (a), "in which proceedings for naturalization may have been or may be commenced or attempted to be commenced, and whether or not such court at the time such proceedings were had or taken was vested by law with jurisdiction in naturalization proceedings." Defendant's argument is that these subsections restrict the thirty-four or more crimes set out in the statute to only the use of official documents in actions in naturalization courts. But a survey of the thirty-four subdivisions of subsection (a) belies any such theory and makes it clear that the attempt is to cover all kinds of misuse of naturalization papers or the lack thereof. Subdivision (19), for example, makes a crime of the *denial* of naturalization "with the intent to avoid any duty or liability imposed or required by law." And the initial provision of the subsection in terms makes it more widely applicable; indeed, it begins by saying that "it is hereby made a felony for any alien or other person, whether an applicant for naturalization or citizenship, or otherwise, and whether an employee of the Government of the United States or not," to do any of the forbidden acts. United States v. Adielizzio, 2 Cir., 77 F.2d 841, cited by defendant, does not suggest a different conclusion in view of the definite limitation, as well as history, of the statute there under consideration and its lack of any language of a character really comparable to that contained in this statute.

Moreover, the restricted reading as made by defendant would make no longer criminal well recognized offenses under the former 18 U.S.C.A. § 141, supra. Under this statute no limitation was placed upon the circumstances under which and the persons to whom the false representation was made, as long as it was for a "fraudulent purpose." Included among such pur-

poses according to the precedents are the securing of registration as a voter, Acker-schott v. United States, supra; Gulotta v. United States, 8 Cir., 113 F.2d 683; United States v. Raymond, D.C.E.D.Wash., 37 F.Supp. 957; cf. present subd. (14) of 8 U.S.C.A. § 746(a), the obtaining of a passport, Duncan v. United States, 9 Cir., 68 F.2d 136, certiorari denied 292 U.S. 646, 54 S.Ct. 780, 78 L.Ed. 1497, and, it seems, the gaining of entry into the United States, Williams v. United States ex rel. Bougadis, 2 Cir., 186 F. 479. And the intent of Congress in October, 1940, when § 141 of Title 18 was replaced by § 746 of Title 8, was quite obviously to extend, rather than to reduce, the coverage, as well as the penalties, of the prior law, for the latter statute was part of the Nationality Act of 1940, a national defense measure enacted in the face of the impending war to help tighten controls over the conduct of aliens in this country. See Sen.Rep. No. 2150, Sept. 23, 1940, 76th Cong., 3d Sess., pp. 2-3. Subsections (b) and (c) must, therefore, clearly be read as intended additions and amplifications of the provisions of subsection (a), rather than as narrowing and well-nigh stultifying limitations of it.

This conclusion disposes also of defendant's cognate contention that the prohibited representation must be made to the government or one of its agencies and cannot be made to a private individual in a private capacity. As we have seen, the history of the legislation definitely implies the contrary, and we see no ground for the weakening of the statute by the construction thus urged. Nor is there any basis for its claimed unconstitutionality, since Congress has ample power to impose a regulation of this kind upon the conduct of aliens in this country. United States ex rel. Volpe v. Smith, 289 U.S. 422, 425, 53 S.Ct. 665, 77 L.Ed. 1298; Turner v. Williams, 194 U.S. 279, 24 S.Ct. 719, 48 L.Ed. 979. But we agree with the District Court that the representation of citizenship must still be made to a person having some right to inquire or adequate reason for ascertaining a defendant's citizenship; it is not to be assumed that so severe a penalty is intended for words spoken as a mere boast or jest or to stop the prying of some busybody, and the use of the words "knowingly" and "falsely" implies otherwise. Thus, it is said that the word "falsely," par-ticularly in a criminal statute, suggests something more than a mere untruth and includes "perfidiously" or "treacherously," Dombroski v. Metropolitan Life Ins. Co., 126 N.J.L. 545, 19 A.2d 678, 680, 20 A.2d 441; 35 C.J.S., Falsely, pp. 626, 627, or "with intent to defraud," as has been held with respect to the counterfeiting laws, United States v. Otey, C.C.Ore., 31 F. 68; United States v. King, C.C.Ohio, Fed.Cas. No.15,535; United States v. Moore, D.C. N.D.N.Y., 60 F. 738; United States v. Glasener, D.C.S.D.Cal., 81 F. 566; Kaye v. United States, 7 Cir., 177 F. 147, 151; Dreyer v. McCormack Real Estate Co., 164 App.Div. 41, 149 N.Y.S. 322, a construction particularly applicable here where the required lack of truth of the representation is set forth in other express language of the statute. But the defendant could have made his defense to the charge on such ground, or if he was in doubt as to the status of the person to whom he was alleged to have made the representation, he could have sought a bill of particulars. As a matter of fact, the District Court relied upon a concession made by defendant's counsel for the purposes of the motion below—and repeated in his brief here— that defendant had for a long time been in the employ of the Ebasco Services, Inc., a private corporation, and that on October 8, 1941, in answer to a questionnaire of the corporation he stated that he was a citizen of the United States. It would appear that this was a legitimate inquiry on the part of an employer at a time of deepening national crisis, and that hence, whatever may be thought of the severity of the sentence, the conviction itself was not improper.

Such a view of the merits substantially disposes of defendant's appeal from the court's refusal to allow him to change his plea, for the defense which he has desired to make has been fully considered and disposed of both in the District Court and here. But it is to be noted that this motion was not made within the ten days of his original plea, as required under Rule 2(4) of Rules of Criminal Procedure After Plea of Guilty, etc., 18 U.S.C.A. following section 688. Whether this rule is too harsh, as has been urged by Professor Orfield in 2 F.R.D. 573, 577, and apparently so considered by the Advisory Committee on Rules of Criminal Procedure, which is recommending a substantially more liberal rule, Federal Rules of Criminal Procedure,

2d Prelim.Draft, Rule 34(d), it is the present law. Jackson v. United States, 8 Cir., 131 F.2d 606, 609; Cooke v. Swope, D.C.W.D.Wash., 28 F.Supp. 492, affirmed 9 Cir., 109 F.2d 955.

Affirmed.