## PREVOST v. UNITED STATES.
### No. 10515.

Circuit Court of Appeals, Ninth Circuit.

June 5, 1945.

Andersen & Resner, George R. Andersen, and Herbert Resner, all of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and James T. Davis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, Joseph Harry Prevost,[1] was

---

[1] Appellant was indicted as Arthur Frenke, but, upon arraignment, stated that his true name was Joseph Harry Prevost. At his trial, he testified that

indicted in three counts. Counts 1 and 2 charged violations of subsections (a) and (d) of § 346 of the Nationality Code, 8 U.S.C.A. § 746(a) and (d).[2] Count 3 charged a violation of subsection (a) of § 31 and subsection (a) of § 36 of the Alien Registration Act, 1940, 8 U.S.C.A. §§ 452 (a) and 457(a).[3] Appellant moved to dismiss counts 1 and 2. The motion was denied. Appellant pleaded not guilty and was tried. At the trial, appellee's Exhibits 8 and 9 were admitted in evidence over appellant's objections. Appellant was convicted on each count of the indictment, was sentenced, and has appealed.

■ Appellant assigns as error the denial of the motion to dismiss counts 1 and 2. The motion was, in effect, a demurrer to these counts on the ground that they did not charge offenses against the United States. Count 1 alleged, in substance and effect, that on or about May 14, 1942, in Sausalito, California, appellant, in an application for employment, knowingly falsely represented himself to be a citizen of the United States, whereas, in truth and fact, he was not, and knew he was not, then and there a citizen of the United States. Count 2 alleged, in substance and effect, that on or about May 6, 1941, in San Francisco, California, appellant, in a Selective Service questionnaire, knowingly falsely represented himself to be a citizen of the United States, whereas, in truth and fact, he was not, and knew he was not, then and there a citizen of the United States. Thus each of these counts charged an offense against the United States, namely, a violation of subsections (a) and (d) of § 346 of the Nationality Code, 8 U.S.C.A. § 746(a) and (d).[4]

■ Appellant contends that counts 1 and 2 were defective in failing to show how and in what manner, if at all, the representations mentioned therein were material. No such showing was required. The subsections of which counts 1 and 2 charged violations say nothing about materiality. The motion was properly denied.

Appellant assigns as error the admission of appellant's Exhibit 8 in evidence. Exhibit 8 consists of two sheets of paper, which we shall call sheets 1 and 2. On sheet 1 is a typewritten caption: "Statement of Satty Arthur Frank,[5] white German, employed as a sailor aboard the S. S. 'Alvarado,' relative to the stabbing of L. Parta and Manuel Pisco, aboard the above-named vessel which was moored to Pier No. 8-D, Cristobal, Canal Zone, about 4 p.m., April 16, 1926." Below the caption, and separated from it by a ruled line extending across the sheet, is a typewritten statement signed by appellant[6] as Satty Arthur Frank.

---

he was born Sally Arthur Frank. Other evidence showed that he called himself Arthur Frank, Satty Arthur Frank, Joseph A. Schiffman, J. A. Schiffman, J. A. Schifman, Joseph Prevost, Joseph H. Prevost and J. H. Prevost.

[2] Subsection (a) of § 346 of the Nationality Code, 8 U.S.C.A. § 746(a), provides:

"It is hereby made a felony for any alien or other person, whether an applicant for naturalization or citizenship, or otherwise, and whether an employee of the Government of the United States or not—

\* \* \* \* \* \* \*

"(18) Knowingly to falsely represent himself to be a citizen of the United States without having been naturalized or admitted to citizenship, or without otherwise being a citizen of the United States."

Subsection (d) of § 346 of the Nationality Code, 8 U.S.C.A. § 746(d), provides: "Any person violating any provision of subsection (a) of this section shall be fined not more than $5,000, or imprisoned not more than five years, or both."

[3] Subsection (a) of § 31 of the Alien Registration Act, 1940, 8 U.S.C.A. § 452 (a), provides: "It shall be the duty of every alien now or hereafter in the United States, who (1) is fourteen years of age or older, (2) has not been registered and fingerprinted under section 30 of this Act [8 U.S.C.A. § 451], and (3) remains in the United States for thirty days or longer, to apply for registration and to be fingerprinted before the expiration of such thirty days."

Subsection (a) of § 36 of the Alien Registration Act, 1940, 8 U.S.C.A. § 457 (a), provides: "Any alien required to apply for registration and to be fingerprinted who willfully fails or refuses to make such application or to be fingerprinted \* \* \* shall, upon conviction thereof be fined not to exceed $1,000 or be imprisoned not more than six months, or both."

[4] See footnote 2.

[5] See footnote 1.

[6] That appellant signed the statement was shown by the testimony of a handwriting expert and by appellant's own testimony.

Below and to the left of appellant's signature is a typewritten notation: "Made and dated at Cristobal, Canal Zone, this 16th day of April, 1926, in the presence of A. O. Meyer, Sergeant, Zone Police. Lester H. Detrick, 1/Cl. Policeman, Zone Police." The notation bears what purport to be the signatures of Meyer and Detrick.

To sheet 1 is attached sheet 2 of Exhibit 8. On sheet 2 are two certificates dated June 9, 1943—a certificate of C. M. Lupfer, Assistant Executive Secretary, certifying that "the attached statement, dated April 16, 1926, of Satty Arthur Frank, is the original of said statement taken from the official records of The Panama Canal[7] in [Lupfer's] legal custody," and a certificate of F. H. Wang, Executive Secretary, certifying that Lupfer "has the custody of the official records of The Panama Canal."

 Appellant objected to the whole of Exhibit 8, including the statement on sheet 1, and objected separately to the caption on sheet 1 and particularly to that part of the caption which describes appellant as a German. The statement was not written by appellant, but was signed by him, and was, we think, admissible in evidence. The caption was not written or signed by appellant. So far as the record shows, appellant never saw it until it was offered in evidence at his trial. He objected to it as hearsay. It was hearsay. Its admission was erroneous and prejudicial.

██ Appellant assigns as error the admission of appellee's Exhibit 9 in evidence. Exhibit 9 consists of a so-called arrest card and, attached thereto, two certificates dated June 19, 1943—a certificate of C. M. Lupfer, Assistant Executive Secretary, certifying that "the attached arrest card, dated April 17, 1926, of Satty Arthur Frank, is the original of said arrest card taken from the official records of the Panama Canal[8] in [Lupfer's] legal custody," and a certificate of F. H. Wang, Executive Secretary, certifying that Lupfer "has the custody of the official records of the Panama Canal."

The card has on it these words and figures, some of them printed, some typewritten: "Name *Frank, Satty Arthur*[9] * * * Arrested at *Cristobal* by *Callaway Capt.* Date *4/17/26* Age *23* Color *Wh* Sex *M*

Native of *Germany* Occupation *Seaman, ss. Alvarado* Married *No* Warrant *Yes* Offense *Material Witness* Complainant L. C. *Callaway ZP* * * * Remarks: *4/17/26 in jail. 5/1/26 released in custody of Walter F. Scharpp, German Consul.*"

The card was not printed or typed by appellant. It was not signed by appellant or anyone else. So far as the record shows, appellant never saw it until it was offered in evidence at his trial. He objected to it as hearsay. It was hearsay. Its admission was erroneous and prejudicial.

Other errors are assigned, but need not be considered.

Judgment reversed.

---

[7] How, if at all, the statement became an official record of the Panama Canal does not appear.

[8] How, if at all, the card became an official record of the Panama Canal does not appear.

[9] Italics indicate typewritten matter.