## UNITED STATES v. TANDARIC.

### No. 8817.

Circuit Court of Appeals, Seventh Circuit.

Nov. 17, 1945.

Rehearing Denied Dec. 7, 1945.

Writ of Certiorari Denied March 4, 1946.

See 66 S.Ct. 703.

**4**

Max R. Naiman and David J. Bentall, both of Chicago, Ill. (Harold J. Finder, of Chicago, Ill., of counsel), for appellant.

Alexander M. Campbell, U. S. Atty., of Fort Wayne, Ind., James E. Keating, Asst. U. S. Atty., of South Bend, Ind., and Theron Lamar Caudle, of Washington, D. C., for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Defendant appeals from a judgment rendered on a verdict of guilty upon an indictment charging that on February 2, 1942, defendant, being an alien, did "unlawfully, wilfully, knowingly and feloniously, falsely represent himself to Bendix Home Appliance Corporation, South Bend, Indiana, and to the officials of the Bendix Home Appliance Corporation" to be a citizen of the United States, in violation of 8 U.S.C.A. § 746(a) (18), which makes it a felony for any alien "knowingly to falsely represent himself to be a citizen of the United States without having been naturalized or admitted to citizenship, or without otherwise being a citizen of the United States."

The errors assigned are (1) that the statute is unconstitutional; (2) that there was no evidence of the corpus delicti; and (3) the court admitted improper evidence.

Defendant argues that the statute is unconstitutional because it is in contravention of the Tenth Amendment of the Constitution in that it was not enacted under any powers granted to Congress, and that it abridges freedom of speech, guaranteed by the First Amendment.

We think this contention lacks merit and need not be discussed except to say that in the case of Turner v. Williams, 194 U.S. 279, 289, 24 S.Ct. 719, 722, 48 L.Ed. 979, there too it was contended that the Act there under consideration was unconstitutional because no power "is delegated by the Constitution to the general government over alien friends with reference to their admission into the United States or otherwise, * * *," and that it abridged the freedom of speech. It is true that was a deportation case and the statute did not provide punishment for its infraction, but the court held, as is so clearly expressed in the case of United States v. Frederick, D.C., 50 F.Supp. 769, 772, "that Congress may exclude aliens from the United States, prescribe the conditions under which they may enter, provide for their supervision, regulate their conduct, and fix their rights while here."

Defendant also insists that the challenged provision of the statute is repugnant to the due process clause of the Fifth Amendment of the Constitution. The argument is that its language is too vague and uncertain to inform aliens what conduct on their part will constitute a criminal offense; that the broad language of the statute subjects an alien to fine and imprisonment for making a false statement, regardless of the occasion, purpose, or of the person to whom it is made; and he cites cases where legislative enactments have been wanting in certainty.

True, the terms of a penal statute must be sufficiently explicit to inform those who are subject to it as to what conduct on their part will render them liable to its penalties, and a statute which forbids the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. But this is not such a statute. Men of common intelligence will have little difficulty in determining what is prohibited by it.

In the case of United States v. Achtner, 2 Cir., 144 F.2d 49, 51, it was claimed that the statute was unconstitutional. The court, after relating the history and purpose of the statute, held it was constitutional and said: "Under this statute no limitation was placed upon the circumstances under which and the persons to whom the false representation was made, as long as it was for a 'fraudulent purpose.'" We approve the conclusion and the reasoning of the court. See also United States v. Frederick, supra, affirmed 5 Cir., 146 F.2d 488, certiorari denied, 324 U.S. 861, 65 S.Ct. 866.

Defendant claims that there is no evidence that he falsely represented himself to be a citizen of the United States. We think there was.

Upon oral argument it was admitted that defendant was not a citizen of the United States and the evidence is clearly to that effect. The evidence shows that defendant was born in Yugoslavia and that neither he nor his father was ever naturalized. Defendant went by the name of Bob Rebic and two of Bendix' employees identified him as the person who made the representation presently to be noted. Chapman, formerly general manager of Bendix, testified that he conferred with defendant in the preparation of exhibit 2 (factory employment application) in which defendant was asked, "Are you a U. S. citizen?" and to which he answered "Yes." Chapman also testified that it was the policy of Bendix not to employ aliens. Reinke, personnel director in charge of Bendix' records, testified that he conferred with defendant relative to exhibit 4 (Bendix' information records), in which defendant represented that he was born in Illinois.

The record also reveals that on August 16, 1944, defendant signed a statement in which he stated that he had used the name of Rebic; that he knew that if he disclosed he was an alien, he would not be employed; and that in order to obtain employment with Bendix he had stated he was a citizen of the United States. Defendant, in addition to denying that he had represented himself to Bendix or to any of its officials as a citizen of the United States, testified that he was an alien, born in Austria, now Yugoslavia; that he had applied for employment under the name of Rebic so as to conceal his identity; and that the statement he had made that he was born in Illinois was false.

Under this state of the record, whether the evidence was sufficient to establish guilt beyond a reasonable doubt was a question for the jury. The jury believed the witnesses for plaintiff and brought in a verdict of guilty, thus establishing the fact that defendant had knowingly and falsely represented himself to be a citizen of the United States. United States v. Romberg, 2 Cir., 150 F.2d 116.

Defendant complains that the court admitted improper prejudicial evidence, and the point is made that the evidence so admitted established offenses distinct and independent of the one charged in the indictment.

We have already noted that defendant testified in his own behalf. On cross-examination he was asked whether he had used the name of his brother (who was born in the United States) to obtain a passport enabling him to go to Spain. An objection to the question was overruled and he answered that he had. He also complains of the admission of exhibit 10 (Alien's personal history and statement required by the Selective Training & Service Act, 50 U.S.C.A.Appendix § 301 et seq.). This exhibit recited that he was or had been a member of an organization

6

that was engaged in influencing the political activities of a government other than that of the United States, and that he had been arrested for resisting an officer and for assault.

 To be sure, an accused cannot be convicted upon proof that he committed another offense, and it is axiomatic that ordinarily evidence of a crime wholly separate, independent, and without any relation to the one laid in the indictment, is not admissible. But relevant evidence which tends to prove a material fact should not be excluded merely because it shows or tends to show that the accused committed another offense at a different time and place. The test in measuring the admissibility of evidence is whether it is material to any issue in the case on trial. If so, it should not be rejected even though it establishes the commission of another crime. Suhay v. United States, 10 Cir., 95 F.2d 890, 894, and Devoe v. United States, 8 Cir., 103 F.2d 584.

 The evidence that defendant had falsely claimed citizenship in obtaining a passport was admissible to prove intent, and since the record does not contain the court's instructions to the jury, we must assume that the court in its charge limited the effect of this testimony and advised the jury that this evidence was admissible for their consideration solely upon the question of intent. Moreover, the extent of cross-examination is within the sound discretion of the trial court, and when a defendant takes the stand in a criminal case, he stands in the role of a witness and as such becomes subject to cross-examination in the same manner and to the same extent as any other witness and his credibility may be impeached in the same manner and to the same extent as any other witness.

 It is to be remembered that we must pass upon defendant's contention without regard to technical errors, defects, or exceptions which do not affect the substantial rights of parties, 28 U.S.C.A. § 391, and the question whether prejudice results from the erroneous admission of evidence is one of practical effect, when the trial as a whole and all the circumstances in the case are regarded. Here, the evidence of guilt is overwhelming. In this state of the record, the admission of exhibit 10 was not so prejudicial as to require reversal.

The judgment is affirmed.