### UNITED STATES v. MARTINEZ.
#### No. 11573 C. D.

District Court, M. D. Pennsylvania.
Sept. 15, 1947.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., for the Government.

Herbert L. Winkler, of Wilkes-Barre, Pa., for defendant.

MURPHY, District Judge.

The question for decision is defendant's motion to dismiss an indictment charging a violation of the Nationality Act of 1940, to wit, 8 U.S.C.A. 746(a) (18). The act provides as follows:

"(a) It is hereby made a felony for any alien or other person, whether an applicant for naturalization or citizenship, or otherwise, and whether an employee of the Government of the United States or not—

"(18) knowingly to falsely represent himself to be a citizen of the United States without having been naturalized or admitted to citizenship, or without otherwise being a citizen of the United States."

The indictment contains seven counts, identical except as to dates and designation of the seven elections involved. The dates range from May 19, 1942, to November 5, 1946. The first count reads, inter alia:

" * * * defendant did knowingly falsely represent himself to be a citizen of the United States without having been naturalized or admitted to citizenship or without otherwise being a citizen of the United

States when he voted * * * in the Spring primary conducted by the County of Luzerne, Commonwealth of Pennsylvania, on May 19, 1942."

Defendant moves to dismiss on the ground that (1) the act of voting does not constitute an act of representation within the purview of 8 U.S.C.A. 746(a) (18); (2) the indictment is defective for failure to charge that the accused knew he was not entitled to vote unless he was a citizen.

The indictment charges that defendant knowingly falsely represented himself to be a citizen of the United States when he voted in the election.

To understand what representations must be made in order to vote in a borough election in Pennsylvania, it is necessary to consider the pertinent provisions of the Pennsylvania Constitution which gives the right to vote in a Pennsylvania election,[1] and the legislative enactments which prescribe the time, place and circumstances under which such right can be exercised.

The right to vote in Pennsylvania is granted by the 'Constitution of 1874, Article VIII, Section 1, as amended November 7, 1933, P.S. The pertinent legislative enactments are the Pennsylvania Election Code Act of June 5, 1937, P.L. 1333, 25 P.S. § 2600 et seq., and the Permanent Registration Act for Boroughs, etc., Act of April 29, 1937, P.L. 487, 25 P.S. § 951—1 et seq.

Article VIII, Section 1 of the Constitution, as amended, gives the right to vote only to those who are citizens of the United States. Article VII, Section 701, of the Election Code, 25 P.S. § 2811, as to elections, and Section 702, 25 P.S. § 2812, as to primaries specify the qualifications of electors, one of which is United States citizenship.

The Constitution, Article VIII, Section 1, also makes the right to vote subject to the requirements of the Pennsylvania registration laws. The Registration Act, supra, provides that one cannot vote without first being registered (except where ordered by court) and that to be registered one must possess all the qualifications of an elector as provided in the Constitution and laws of Pennsylvania. See Section 19, 25 P.S. § 951—19.

In order to register one must answer under oath and subscribe to an affidavit containing a statement that the person is a citizen of the United States; that he is legally qualified to vote and that he has read or had read to him the statements in connection with his registration and that they are true and correct. One of these statements must be an answer in detail as to the person's citizenship. See Section 18, 25 P.S. § 951—18.

Upon applying to vote the person must sign his name and address to a voter's certificate which contains immediately above the signature a statement reading, "I hereby certify that I am qualified to vote at this (election) (primary)." It is only when the signature to the voter's certificate is compared with the signature on the registration affidavit and found by the election officials to have been made by one and the same person that the applicant is permitted to vote. See Section 36, 25 P.S. § 951—36 (a) (f).

Finally Section 2, 25 P.S. § 951—2(k), defines a qualified elector as one "who shall possess all of the qualifications for voting * * * prescribed by the Constitution * * *."

The foregoing establish standards which must be met in order to vote in the election district described in the indictment. When therefore one certifies that he is qualified to vote in the light of the legal requirements in Pennsylvania, he certifies that he possesses the constitutional qualifications and that he is a United States citizen and inter alia that he is properly registered.

[1] But see United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368. "The right to vote for Representatives in Congress is a right 'derived from the States,' only in the sense that the States are authorized by the Constitution to legislate on the subject, as provided by § 2 of Art. 1, to the extent that Congress has not restricted state action by the exercise of its powers to regulate elections under § 4, and its more general power, under Art. I, § 8, cl. 18, 'to make all laws which shall be necessary and proper for carrying into execution the foregoing powers'."

While we do not know what the evidence may be at the trial, we hold that under the circumstances outlined above a person in voting, if he were not in fact a citizen of the United States, could make a false representation that he was such a citizen, sufficiently so as to constitute a violation of Section 746(a) (18).

For the foregoing reasons, defendant's first reason assigned in the motion to dismiss is denied. See Fotie v. United States, 8 Cir., 1943, 137 F.2d 831, at page 837, as to the question of the mere act of voting per se being a false representation of citizenship.

But says defendant the indictment does not charge that the defendant knew he was not entitled to vote unless he was a citizen. In view of the steps required in order to qualify to vote the registrant is placed on notice that citizenship is a very essential element to qualify as an elector.

As noted above in Section 19, 25 P.S. § 951—19, when registering a person must give details as to his citizenship and must be informed that any misstatement in his answer constitutes a criminal violation to wit, perjury, and will be punishable as such. Obviously one who registers knows he must be a citizen to qualify and one who certifies that he is qualified to vote represents that he is a citizen and knows that he is doing so at the time of the representation. The importance of the knowledge gained at the time of the registration is pertinent here only because it demonstrates the state of mind of the person who offers to vote. When therefore one fraudulently represents that he is a citizen of the United States he intentionally misstates a fact, i. e., that he is a citizen and this at the time he offers to vote. The Government contends that all of the essential elements of the crime are set forth in the indictment.

It has been held that a charge made in the very words of the statute is sufficient. United States v. Achtner, 2 Cir., 1944, 144 F.2d 49.[2]

In Ackerschott v. United States, 9 Cir., 1943, 139 F.2d 114, where a charge was made practically in the words of the statute, 18 U.S.C.A. § 141, an attack made on the indictment because it failed to allege defendant knew that citizenship was a requisite to lawful registration as a voter was dismissed, the court holding that following the language of the statute was sufficient. See also Green v. United States, 9 Cir., 150 F. 560.

In Prevost v. United States, 9 Cir., 1945, 149 F.2d 747, an attack was made on the indictment for failure to allege that the representations made were material. The court held that the section in question did not require any allegations as to materiality.

In the instant case the indictment charges an offense in the precise words of the statute which defines the crime. The new Rules of Criminal Procedure, 18 U.S.C.A. following section 687, which became effective on March 21, 1946, discarded many of the technical requirements that had existed for centuries in regard to the form in which indictments should be drawn. Rule 7(c) provides that the indictment should be a plain, concise and definite written statement of the essential facts constituting the offense charged. It need not contain any other matter necessary to such statement.[3]

"We are no longer bound by ancient and antiquated rules of common-law criminal pleading, and can now consider the adequacy of indictments on the basis of practical, as opposed to technical, considerations. * * * (citing cases). Hence an indictment which charges a statutory crime by following substantially the language of the statute is amply sufficient, provided that its generality neither prejudices defendant in the preparation of his defense nor endangers his constitutional guaranty against dou-

---

[2] See United States v. Romberg, 2 Cir., 1945, 150 F.2d 116; Duncan v. United States, 9 Cir., 1933, 68 F.2d 136; United States v. Frederick, D.C., 50 F.Supp. 769, affirmed 5 Cir., 146 F.2d 488; United States v. Tandaric, 7 Cir., 1945, 152 F.2d 3. In the foregoing cases, the indictment was apparently drawn in the words of the statute. The precise question was however not at issue or decided.

[3] See United States v. Starks, D.C., 6 F.R.D. 43; United States v. Fields, D.C., 6 F.R.D. 203; see also Changes In Federal Criminal Procedure, 6 F.R.D. 277, at page 279.

ble jeopardy (citing cases)" United States v. Achtner, supra [144 F.2d 51]. See United States v. Krepper, 3 Cir., 1946, 159 F.2d 958, at page 968; Rosen v. United States, 161 U.S. 29, at page 34, 16 S.Ct. 434, 40 L. Ed. 606.

The word "knowingly" is synonymous with "intent to defraud." United States v. Achtner, supra.

See Black's Law Dictionary defining the word "false." In law this word usually means something more than untrue; it means something designedly untrue and deceitful and implies an intention to perpetuate some treachery or fraud.

■ See Ibid., "knowingly," with knowledge; consciously, intelligently; willfully; the use of this word in an indictment is equivalent to an averment that the defendant knew what he was about to do and with such knowledge proceeded to do the act charged; "knowingly" means with knowledge of the essential facts.

See Ibid. "representation": To exhibit, to expose before the eyes.

■ Where defendant attacked the indictment for failure to allege knowledge of defendant, the court considered the matter as one of form and held, "in the ordinary acceptation, the words 'unlawfully, willfully, and knowingly,' when applied to an act or things done, import knowledge of the act or thing so done, as well as an evil intent or bad purpose in doing such thing * * *." Rosen v. United States, 161 U. S. 29, 33, 16 S.Ct. 434, 435, 40 L.Ed 606. We believe that "knowingly falsely represent" have the same connotation.

"And that question must be solved by the text of the provision, not shutting out as an instrument of interpretation proper light which may be afforded by the Constitution, and not forgetting that a penal statute is not to be enlarged by interpretation, but also not unmindful of the fact that a statute, because it is penal, is not to be narrowed by construction so as to fail to give full effect to its plain terms as made manifest by its text and its context. United States v. Hartwell, 6 Wall. 385, 395, 18 L. Ed. 830, 832; United States v. Corbett, 215 U.S. 233, 242, 243, 30 S.Ct. 81, 54 L.Ed. 173, 175, 176." Lamar v. United States, 241 U. S. 103, at page 112, 36 S.Ct. 535, at page 538, 60 L.Ed. 912.

" * * * the function in construing a statute is to ascertain the meaning of words used by the legislature. To go beyond it is to usurp a power which our democracy has lodged in its elected legislature. The great judges have constantly admonished their brethren of the need for discipline in observing the limitations. A judge must not rewrite a statute, neither to enlarge nor to contract it. Whatever temptations the statesmanship of policy-making might wisely suggest, construction must eschew interpolation and evisceration. He must not read in by way of creation."[4]

■ There can be no doubt of the right of Congress to regulate the conduct of aliens. See United States v. Frederick, D. C., 50 F.Supp. 769, at page 772; United States v. Tandaric, 7 Cir., 152 F.2d 3; Turner v. Williams, 194 U.S. 279, 289, 24 S.Ct. 719, 48 L.Ed. 979.

Even if this change were to be construed as prohibiting the mere act of falsely representing that one is a citizen by voting, it would be in our judgment a proper exercise of legislative power See United States v. Balint, 258 U. S. 250, 42 S.Ct. 301, 66 L.Ed. 604.[5]

It will be noted that a change was made in the provisions stated in 18 U.S.C.A. § 141, from "for any fraudulent purpose whatever" to read in 746(a) (18) "knowingly to falsely represent." Was there an intention to remove the necessity of proof of a fraudulent purpose? We need not labor the subject, however, for we feel that all the elements of the crime are properly and sufficiently charged in the indictment.

---

[4] "Some Reflections on the Reading of Statutes" by Mr. Justice Frankfurter, Vol. 47, Col.L.Rev. May 1947, No. 4, 527 at 533.

[5] See United States v. Weber, D.C., N.D.E.D.Ill., 1947, 71 F.Supp. 88. The court declared the indictment defective because it failed to state right of the person to make the inquiry, to state the fraudulent purpose, and to identify and describe the persons to whom the statements were made. See United States v. Achtner, supra; Ackerschott v. United States, supra.

408

Without naturalization an alien can exercise and enjoy all the privileges and blessings of a citizen except the franchise and the right to hold office. Voting and holding office are amongst the very highest rights exercised by the citizen and if an alien should knowingly falsely represent himself to be a citizen in order to exercise such rights he comes within the prohibition of Section 746(a) (18).[6]

For the foregoing reasons, defendant's second reason for motion to dismiss is denied.

An order denying defendant's motion to dismiss will be filed forthwith.

---

[6] In describing the statute involved the caption of the indictment reads 8 U.S. C.A. § 746(a) (1) whereas in fact the indictment shows a violation of subsection 18 instead of subsection 1. Rule 7 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following Section 687, provides inter alia "* * * the indictment * * * shall state for each count the official or customary citation of the statute * * * which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment * * * or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." The defendant is aware of the error in the citation of the particular section, and in his motion proceeds as if the citation in the indictment had actually been under subsection (18) instead of subsection (1).