## SWIFT v. UNITED STATES.

### Nos. 8882–8884.

United States Court of Appeals
District of Columbia.

Argued Jan. 18, 1945.

Decided Feb. 19, 1945.

Mr. James R. Kirkland, of Washington, D. C., for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and John W. Fihelly, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

This is an appeal from the refusal of the District Court to entertain a motion for leave to withdraw pleas of guilty and to substitute pleas of not guilty.

Appellant in June, 1943, pleaded guilty to three of seven indictments, charging violations of the Mann Act.[1] Sentence was imposed a week or ten days later and the four remaining indictments were dismissed by the entering of a *nolle prosequi* in each. At the time the pleas were filed counsel for accused presented to the court the affidavit of a physician and the record of a hospital showing that appellant was suffering from a serious heart ailment; and counsel stated to the court that it was because of her condition in this respect that she was prompted to plead guilty. The District Judge, after examining the medical reports, and before imposing sentence, referred the matter to the Probation Officer for investigation and report.

On the filing of the present motion, more than a year after the sentence was imposed, counsel presented to the court an affidavit of accused in which she stated that at the time the cases were set for trial she was ill and so distraught that she was unable to think clearly; that she had been advised that the strain and excitement of a trial would endanger her life and when unable to secure a postponement, she reluctantly, and under the duress of her physical condition, consented to enter a plea of guilty to three of the indictments, although she had a good and meritorious defense. Appellant's affidavit was accompanied by a physician's affidavit, which stated that as of April, 1944, appellant was suffering "from one of the most dangerous heart conditions." Appellant then offered evidence as to her present physical condition, as well as opinion evidence as to her physical condition at the time she entered her guilty pleas. The court refused to hear this testimony and denied the motion. On this appeal we are asked to hold that this was error. But we think that not only was the ruling clearly

---

[1] 18 U.S.C.A. § 397 et seq.

362

correct, but also that the District Court was without jurisdiction to grant the motion. Prior to 1934 the rule was otherwise, it being within the discretion of the court to permit an accused to substitute a plea of not guilty and to have a trial, if for any reason the granting of the privilege seemed to be fair and just. Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009. But since May, 1934, Rule II(4) of the Criminal Rules of the Supreme Court [2] has provided that a motion to withdraw a plea of guilty shall be made within ten days from entry of such plea and before sentence is imposed. Since the promulgation of the rule it has been consistently held that the motion, even when made within the ten-day period, is not allowed as a matter of right.[3] On this ground alone, therefore, we should be reluctant to interfere with the action in the lower court, since it is obvious that the judge who imposed the sentence and who heard the motion was thoroughly familiar with the case and acted deliberately in his denial of the motion. But since more than a year elapsed in this case between the sentence and the motion, it is clear the ten-day rule was breached, and the motion was consequently untimely. Accordingly, no other action than that taken below was permissible under the rule. For, as was said only two months ago by the Second Circuit, "Whether this rule is too harsh, as has been urged by Professor Orfield in 2 F.R.D. 573, 577, and apparently so considered by the Advisory Committee on Rules of Criminal Procedure, which is recommending a substantially more liberal rule, * * * it is the present law." United States v. Achtner, 2 Cir., 144 F.2d 49, 52. And see to the same effect: Jackson v. United States, 8 Cir., 131 F.2d 606, 609; Farrington v. King, 8 Cir., 128 F.2d 785; Cooke v. Swope, D.C., 28 F.Supp. 492, affirmed 9 Cir., 109 F.2d 955; cf. United States v. Weese, 2 Cir., 145 F.2d 135.

The order of the District Court must therefore be affirmed.

Affirmed.

---

[2] 292 U.S. 660, 662, 54 S.Ct. xxxvii, xxxviii, 18 U.S.C.A. following section 688.

[3] United States v. Denniston, 2 Cir., 89 F.2d 696, 698, 110 A.L.R. 1296, certiorari denied 301 U.S. 709, 57 S.Ct. 943, 81 L.Ed. 1362; Farnsworth v. Zerbst, 98 F.2d 541, 543; United States v. Colonna, 3 Cir., 142 F.2d 210; Bergen v. United States, 8 Cir., 145 F.2d 181, 186.