## UNITED STATES v. MIGNOGNA.
### No. 35, No. 20289.

Circuit Court of Appeals, Second Circuit.

Nov. 6, 1946.

See, also, D.C., 53 F.Supp. 738.

Joseph Lonardo, of Flushing, N. Y., for appellant.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before L. HAND, SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The appellant stands convicted upon a plea of guilty under an indictment charging that he and an accomplice stole a very large quantity of gasoline ration coupons belonging to the United States, contrary to 18 U.S.C.A. § 99. He was sentenced to a long term of imprisonment on April 22, 1943 and nearly seven months thereafter he brought on a motion for vacation of the sentence, withdrawal of his plea, and restoration of the cause to the trial calendar. The ground of his motion was that his plea was coerced by reason of his having been held in "maximum confinement" at the Federal House of Detention from February 23, 1943, the day following his arrest, until after the entry of his plea on April 2, 1943, during which period he was prevented from preparing for trial and became so "depressed of body and mind" that he was led to plead guilty in the hope of being released from such maximum confinement. After an extensive hearing, the motion was denied on January 5, 1944, and the following day the defendant appealed. The record on appeal was not filed, however, until June 20, 1946.

The appellant's motion for leave to withdraw his plea was presented to the district court in November 1943, more than seven months after entry of the plea. According to the Rules of Criminal Procedure

then in effect such a motion had to be made within 10 days after entry of the plea and before sentence. See Rule 2(4), 18 U.S.C.A. following § 688; United States v. Achtner, 2 Cir., 144 F.2d 49, 52; Swift v. United States, 79 U.S.App.D.C. 387, 148 F.2d 361. Consequently the appellee argues that the order should be affirmed because the court lacked jurisdiction to grant the requested relief. But the new criminal rules which went into effect March 21, 1946, provide in Rule 59 that they shall be applicable to "pending" cases so far as it is "just and practicable" to apply them. If the case should be considered as "pending" so long as the appeal was undecided, then Rule 32(d), which gives the court power, in order to prevent "manifest injustice," to allow withdrawal of the plea at any time after sentence, would defeat the appellee's contention as to the district court's lack of power to grant relief. It is unnecessary, however, to decide this question at the present time.

■■■ Assuming without decision that the court had power to grant the motion, we find no error in denying it. Such a motion is addressed to the court's discretion and the action of the district court will be reversed only if discretion was abused. See Rachel v. United States, 8 Cir., 61 F.2d 360, 362; United States v. Denniston, 2 Cir., 89 F.2d 696, 698, 110 A.L.R. 1296, cert. den. 301 U.S. 709, 57 S.Ct. 943, 81 L.Ed. 1362; United States v. Weese, 2 Cir., 145 F.2d 135. The record before us discloses no such abuse.

In January 1943 the OPA office in Long Island City was burglarized and a large quantity of gasoline ration coupons was stolen. For this crime the appellant and several others were arrested. On February 23d, after arraignment before a United States Commissioner, he was taken to the Federal House of Detention and was placed in what is known as "maximum confinement," as the result of a request by the assistant United States attorney in charge of the case that he be kept apart from his co-defendants. The indictment against him was filed March 16 and he pleaded not guilty on March 22d. Bail was set at $25,000, and he was unable to give bail. On April 2d he withdrew his former plea and pleaded guilty. On April 22d he was sentenced to a term of nine years. During all this time the appellant was represented by an attorney, Mr. Ben Shorr, who visited him at the Federal House of Detention on February 24, on five dates in March, on April 1, 20 and 27, on four dates in May, on June 2d and on July 5. He was also visited weekly by his sister and several times by his wife. On April 7, five days after his plea of guilty, he was relieved from "maximum confinement" and thereafter was held in ordinary confinement until April 22d, when, after his sentence, "maximum confinement" was restored. This continued until August 23d. Since that date he has been held in ordinary confinement. On October 19, 1943 the appellant was convicted in a state court of the crime of burglarizing the OPA office and was given a sentence of from 5 to 20 years to begin after service on his federal sentence. In the state court trial he was represented by an attorney named Benjamin Glass. Mr. Glass visited him on July 27 and October 16. On November 3d he was visited by his present attorney, Mr. Haberkorn. Three days after this visit the motion papers were executed which sought leave to withdraw the plea of guilty.

The mere statement of the foregoing facts shows how flimsy is the claim that the character of the appellant's confinement was such as to prevent him from preparing his defense or to coerce a plea of guilt. From the day following his confinement he was represented by attorney Shorr who visited him seven times before his plea, again just before the date of sentence, and eight times during the three months following the sentence. Attorney Glass saw him on July 27 and October 16, but it was not until after this third attorney saw him in November that he ever suggested that his plea was not freely and understandingly made. If, as he then said, he pleaded guilty only to escape from the intolerable conditions of "maximum confinement" it is incredible that when he found on April 22d that the plea had not accomplished his purpose, he should have made no effort to withdraw it until nearly seven months later. The appellant is a person utterly unworthy

of belief. His criminal record, which was received in evidence on the question of his credibility, shows that he has been a habitual criminal since his youth. It would be wholly unwarranted for us to hold that the district judge was not justified in disbelieving his account of the effect of his confinement upon his mental condition and his lack of understanding of his plea.

Order affirmed.