## HUMPHRIES v. UNITED STATES.
### No. 828.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 12, 1949.

Decided Oct. 13, 1949.

Maurice R. Weeks, Washington, D. C., with whom Brown, Howard & Weeks, Washington, D. C., were on the brief, for appellant.

L. Clark Ewing, Assistant United States Attorney, Washington, D. C., with whom George Morris Fay, United States Attorney, and Joseph M. Howard, Assistant United States Attorney, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was arrested and charged with assault (Code 1940, 22—504), and on the same day brought into court for arraignment. The clerk asked appellant if he was represented by a lawyer and he replied he was not. The clerk then asked if appellant wanted a lawyer and appellant replied that he did not. Appellant was then called on to plead to the charge and he entered a plea of guilty. The clerk then asked appellant if he was sure he did not want a lawyer. Appellant again stated that he did not want a lawyer. The judge then informed appellant that the charge against him was a serious one and asked if appellant was sure he did not want a lawyer. For the third time appellant stated he did not want a lawyer.

The judge then called the complaining witness and interrogated her. Her answers indicated that appellant had assaulted the witness in an attempt to rape her. When the questioning was completed the judge asked appellant if he had anything to say. Appellant replied that he did not. The judge, commenting on the seriousness of the offense, then sentenced appellant to a jail term of 360 days, the maximum imprisonment allowed for simple assault.

Two days later appellant through counsel filed a motion to vacate the plea of guilty, to set aside the sentence, and to grant a trial by jury. The grounds of this motion were that appellant without advice of counsel entered a plea of guilty, and, admitting that the court offered to appoint counsel, that appellant "feels he was not fully advised as to his constitutional rights." The motion was denied and this appeal followed.

The argument is made that in view of the seriousness of the charge the trial court should have appointed counsel to defend, even though appellant indicated that he did not desire counsel, because advice of counsel was necessary to protect the rights of appellant.

In Johnson v. Zerbst, 304 U.S. 458, 463, 58 S.Ct. 1019, 1022, 82 L.Ed. 1461, 146 A.L.R. 357, it was said: "The Sixth Amendment withholds from federal courts, in all criminal proceedings, the power and authority to deprive an accused of his life or liberty unless he has or waives the assistance of counsel." This principle has been restated in many subsequent cases.[1] One who pleads guilty has the same right to assistance of counsel as one who pleads not guilty. Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 637. There is, however, no absolute requirement that an accused be represented by counsel. Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, certiorari denied 325 U.S. 890, 65 S. Ct. 1580, 89 L.Ed. 2003. The right to counsel may be waived. "The short of the matter is that an accused, in the exercise of a free and intelligent choice, and with the considered approval of the court, may waive trial by jury, and so likewise may he competently and intelligently waive his Constitutional right to assistance of counsel." Adams v. United States, 317 U.S. 269, 275, 63 S.Ct. 236, 240, 87 L.Ed. 268, 143 A.L.R. 435. The Constitution "does not require that under all circumstances counsel be forced upon a defendant." Carter v. People of State of Illinois, 329 U.S. 173, 175, 67 S. Ct. 216, 218, 91 L.Ed. 172. These principles have been restated in Federal Rule of Criminal Procedure No. 44, 18 U.S.C.A., as follows:

"If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel."

None of the above principles are disputed here. Appellant was advised of his right to counsel and he undertook to waive that right. The argument made is that the waiver was one of form and not of substance, that there was no true waiver because not competently and intelligently made, that despite the formal waiver the trial judge ought to have appointed counsel to insure protection of appellant's rights.

---

1. See Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, and cases there cited.

There is nothing in the record to show that the waiver was not intelligently and competently made. Three times appellant was asked if he wished counsel and each time he stated he did not. He was advised of the seriousness of the charge against him but he steadfastly maintained his position that counsel was not desired. After he heard the testimony of the complaining witness he refused to say anything in his behalf. His attitude plainly was that he did not wish counsel, that he had no defense and that he desired to plead guilty. Possibly he hoped by this procedure to receive a lighter sentence than was imposed, but if this be true it furnishes no basis for holding that he did not understand what he was doing.

Appellant's motion, prepared and filed by counsel of his own choice, alleges no fact showing or tending to show that waiver of right to counsel was not intelligently made. There is no statement as to appellant's age, education, occupation or previous experience—in or out of court—and if there were circumstances respecting any of these matters which tended to show inability on appellant's part to understand the significance of his waiver of right to counsel, it is assumed his counsel would have incorporated them in the motion. No affidavit accompanied the motion and the record shows no tender of evidence in support of it. In his brief here counsel does refer to appellant as "unlettered" and "ignorant" but there is no support in the record for either of these assertions. The motion alleges that appellant feels he was not fully advised as to his constitutional rights but no facts are alleged to justify this assertion.

In Johnson v. Zerbst, supra, 304 U.S. at page 468, 58 S.Ct. at page 1025, it was said: "Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel."

It seems to us that the same rule ought to apply here where there is a direct appeal on the same ground; that an appellant who admits he refused the offer of the court to appoint counsel for him and then alleges that the court was in error in not appointing counsel has the burden of showing some facts to substantiate to some degree at least his claim to error.

Furthermore, it should be noted that appellant does not assert he was denied the right to employ counsel of his own choosing. His claim of error is that the court should have appointed counsel for him. One of the conditions requiring court appointment of counsel is that the accused himself is unable to obtain counsel, and appellant has neither alleged his inability to secure counsel nor any fact from which such inability could be inferred. So far as financial ability is concerned the inference is the other way, because not more than two days after his conviction appellant did get a lawyer and five days after conviction he was released on bond of $1,000.

[7, 8] If appellant's motion be considered merely as a motion to withdraw his plea of guilty and to enter a plea of not guilty, the answer is that such a motion is addressed to the discretion of the trial court and no showing of abuse of discretion is made. Swift v. United States, 79 U.S.App. D.C. 387, 148 F.2d 361; Stidham v. United States, 8 Cir., 170 F.2d 294.

Affirmed.