JOHNSON v. DISTRICT OF COLUMBIA.

No. 1397.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 9, 1953.

Decided Dec. 15, 1953.

Joseph O. Francke, Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Harry L. Walker, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., also entered an appearance for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The Juvenile Court found appellant to be the father of an illegitimate child and entered an order requiring him to support the child. The question presented on this appeal is whether the defendant was fully advised by the court of his right to the assistance of counsel in compliance with Rule 15 of the Juvenile Court, which reads as follows: "If a defendant appears in court without counsel, the Court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is deemed by the Court to be able to obtain counsel." [1]

On May 6, 1953, an information was filed charging defendant with being the father of a child born on March 5 to an unmarried woman.[2] Defendant, who was nineteen years of age at the time, appeared at the preliminary hearing accompanied by his mother. He was without counsel. After the information had been read to him, the trial judge asked "if he wanted to get a lawyer before answering." He replied that he did not. He and his mother then signed a waiver of his right to counsel. In response to the court's inquiry defendant denied being the father of the child. A preliminary hearing was held and he was ordered to stand trial. According to the statement of proceedings and evidence, the following occurred after the preliminary hearing: "The court * * * asked the defendant if he wished a trial by the court or by jury. Defendant replied that he wanted a trial by the court. The court then advised the defendant that the matter was being set down for trial on June 9, 1953 and that if he desired counsel at that time, he might have it and further that if he had any witnesses who knew anything about the matter that he should bring them down at that time * * *."

On the date of trial appellant appeared without counsel, testimony was taken, and appellant was found to be the father of the child in question. Only defendant and his mother testified on his behalf. The case was continued by the court until June 25 for entry of the order of support.

Six days after the trial and ten days before entry of the order of support, defendant employed counsel, and through him filed a motion for new trial. Affidavits in support of the motion were filed by defendant and his mother. In his affidavit defendant stated that he was not aware that this case was in the nature of a criminal action, nor was he aware that if he was found to be the father of the child that he would be ordered to support the child. He stated further that he was not informed of his right to have subpoenas issued to compel the appearance of witnesses in his behalf; that he was without knowledge as to how to proceed in cross-examining the complaining witness; and that he was not advised by the court that he had a right to produce character witnesses to testify in his behalf. The motion for new trial was argued and de-

1. Rules of the Juvenile Court, effective April 1, 1953.

2. Public Law 917, Chapter 1225, 81st Cong., 2d Sess., approved January 11, 1951, 64 Stat. 1240.

nied, and an order was entered requiring the appellant to pay a fixed sum weekly until the child reached five years of age and then a larger sum until the child reached sixteen years of age.

Several errors are assigned, but it is our view that only the one relating to the failure of the court, prior to *trial,* to fully inform defendant of his right to counsel need be considered. The record before us fails to show that on the day of trial any inquiry was made as to whether the defendant desired an attorney to represent him at that time, nor is there any showing that at any time the judge advised defendant that he could have an attorney assigned to him, if he was without funds to retain one. Also, there was never an inquiry by the judge as to defendant's education or familiarity with court proceedings. The charge against defendant, according to the record, was never explained to him in any detail. Nor was he told that if he was found to be the father of the child what penalties would attach to such a finding, i. e. that he would have to support the child until it reached sixteen years of age, and that if he defaulted in his payments he could be sent to jail for a period of one year.

 It is settled law that a waiver to be effective must be an intentional relinquishment of a known right.[3] Therefore, unless a defendant is informed of his rights, how can it be said that he clearly, intentionally, and understandingly waived them? "A defendant who pleads not guilty and elects to go to trial is usually more in need of the assistance of a lawyer than is one who pleads guilty."[4] Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 1251, 93 L.Ed. 1686. The facts in this case lead us to the conclusion that defendant was not fully advised of his right to counsel, as required by Rule 15 of the Juvenile Court. The motion for a new trial should have been granted.

Reversed.

3. Johnson v. Zerbst, 304 U.S. 458, 58 S. Ct. 1019, 82 L.Ed. 1461; cf. Humphries v. United States, D.C.Mun.App., 68 A.2d 803.

HOOD, Associate Judge (dissenting).

The majority opinion reaches the conclusion that appellant was not fully advised of his right to counsel. With that conclusion I cannot agree. When appellant was first brought into court he was asked if he wanted to get a lawyer. This question was in plain, simple, and understandable language. He replied that he did not. I think there was no duty on the court to then force a lawyer upon appellant or compel him to go out and get one. Had appellant replied that he wanted a lawyer but could not afford one, or that he wanted time in which to consult a lawyer, we would have a different situation. Appellant was nineteen years of age and was accompanied by his mother. Nothing in the record indicates that either was below average intelligence. After appellant had denied the charge, trial was set for approximately two weeks later and appellant was told that if he desired counsel at trial he might have it. Thus appellant had two weeks to reconsider the question of whether he wanted a lawyer to represent him at trial. He stood by his original decision that he wanted no lawyer and appeared at trial and defended himself. When the decision went against him, he promptly got a lawyer because within less than a week his counsel filed a motion for new trial accompanied by affidavits. This, it seems to me, is pretty clear proof that appellant knew of his right to counsel, knew how to get one, and was able to get one just as soon as he wanted one. In my view this is a case where appellant having taken his chance without a lawyer and without a jury and having lost, now wants a new trial with a lawyer and with a jury.

Probably appellant made a mistake in going to trial without a lawyer, as few laymen are capable of properly representing themselves in a court proceeding, but the record does not convince me that appellant was unaware of his right to counsel or that he did not intelligently waive that right. I would affirm.

4. Cf. Coleman v. District of Columbia, D.C.Mun.App., 83 A.2d 873.