## UNITED STATES v. PANEBIANCO.
### No. 89, Docket No. 22830.

United States Court of Appeals
Second Circuit.

Argued Nov. 9, 1953.

Decided Dec. 4, 1953.

Writ of Certiorari Denied
Feb. 8, 1954.

See 74 S.Ct. 478.

Henry G. Singer, New York City, for appellant; Harry Silver, New York City, with him on the brief.

J. Edward Lumbard, U. S. Atty., New York City, for appellee; Leon Silverman, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Before SWAN, FRANK and MEDINA, Circuit Judges.

PER CURIAM.

The appellant, with others, was indicted by a grand jury and charged with the crime of conspiracy to violate the narcotic laws. He originally pleaded "not guilty." When the case was called for trial he appeared with counsel before Judge Irving R. Kaufman and, after interrogation by the court, changed his plea to "guilty." A pre-sentence report was ordered and sentence was adjourned. Six weeks later, on the day set for sentence, the defendant appeared with the same counsel before Judge Ryan, and counsel stated that the defendant had informed him "this morning" that he is not guilty and desires to withdraw his

plea.[1] Judge Ryan adjourned sentence in order to permit the submission of a formal written application for the relief orally requested. The defendant's former counsel withdrew from the case, and a new attorney was engaged. The motion was heard upon supporting and opposing affidavits, a transcript of the minutes of the hearing on plea before Judge Kaufman, and oral argument. It was denied and sentence was then imposed.

 Rule 32(d) of the Federal Rules of Criminal Procedure, pursuant to which the motion was made, gives a defendant no absolute right to withdraw a plea of guilty. Goo v. United States, 9 Cir., 187 F.2d 62, certiorari denied 341 U.S. 916, 71 S.Ct. 735, 95 L.Ed. 1351. Granting or denial of such a motion rests in the sound discretion of the trial court. United States v. Harris, 2 Cir., 160 F.2d 507; United States v. Mignogna, 2 Cir., 157 F.2d 839, certiorari denied 330 U.S. 830, 67 S.Ct. 863, 91 L.Ed. 1278; United States v. Colonna, 3 Cir., 142 F.2d 210; Williams v. United States, 5 Cir., 192 F.2d 39. We are convinced that there was no abuse of discretion in denying the present motion. The appellant pleaded guilty with full knowledge of the nature of the charge against him and on the advice of competent counsel. Before accepting the plea Judge Kaufman was careful to make sure that the defendant was acting voluntarily and without the influence of fear or promises of a lighter sentence. There is no suggestion that he was ignorant of the consequences of his plea; indeed, he "was no stranger to proceedings in the criminal courts," and had previously pleaded guilty to other charges. The requirements set forth in Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009, relative to the exercise of discretion in refusing to permit the subsequent withdrawal of a guilty plea, are shown by the record to have been satisfied in the case at bar.

Nor was it error for Judge Ryan to hear the motion instead of referring it to Judge Kaufman. No request for such a transfer was made, and no reason existed for transferring it, for Judge Kaufman knew no more of the case than appeared in the undisputed minutes of the hearing at which the appellant pleaded guilty. Other alleged errors merit no discussion.

Judgment affirmed.

---

1. During the discussion of this oral motion the appellant said: "Your Honor, in this case I am not guilty. I do not believe the Government has enough evidence to convict me. I would like to have a trial by jury. I was told by counsel that I did not have a chance to beat the case, that is why I pleaded guilty."