## DUBLIN v. DISTRICT OF COLUMBIA.

### No. 1483.

Municipal Court of Appeals for the
District of Columbia.

Argued April 19, 1954.

Decided May 14, 1954.

William A. Tinney, Jr., Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Harry L. Walker, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant was arrested for disorderly conduct,[1] and on the same day was brought into court for arraignment. The judge asked him if he had counsel, and, upon receiving a negative reply, inquired whether appellant desired the court to appoint counsel to represent him. He replied that "he did not think it necessary to have a lawyer and that he did not want one." The charge

1. Code 1951, § 22–1107, as amended by the District of Columbia Law Enforcement Act of 1953, § 210, Public Law 85, 83rd Cong., 1st Sess., approved June 29, 1953, 67 Stat. 97.

·in the information was then read to appellant, and he entered a plea of not guilty.

At the trial the arresting officer testified that·appellant, in reply to the officer's questions, used profane, indecent, and obscene words on a public street. According to the officer's testimony, appellant also stated that "I am tired of this [obscenity] and I'm going to carry it to court in the morning." After testifying in his own behalf, appellant was found guilty, sentenced, and now appeals. He contends that the court: (1) failed to advise him that he was entitled to counsel of his own choosing; and (2) failed to make an exhaustive determination as to whether he clearly, intelligently, and knowingly waived his right to counsel.

It is often difficult to determine whether a defendant in a criminal proceeding has waived his constitutional right to be represented by counsel. But just as there is no doubt as to the existence of that right, there is no question that it may be waived, for there is no absolute requirement that an accused be represented,[2] nor does the Constitution require that counsel be forced upon a defendant.[3] The rules laid down by the Supreme Court[4] in regard to this question are summarized in Rule 24 of the Municipal Court, Criminal Rules, which reads as follows: "If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel."

Although we have numerous precedents to refer to for guidance in cases of this nature, ultimately "the determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."[5] A study of those factors in the instant case leads us to the conclusion that appellant was fully informed of his right to counsel of his own choosing and that he made an intelligent waiver of that right. The record reveals that appellant is a man 54 years of age, who has previously been a defendant in court on seven occasions. There was nothing in his conduct at trial to show that he was incompetent in any way. Furthermore, it was appellant himself who told the arresting officer that he would take the case to court. Such a statement does not indicate unfamiliarity with court proceedings. The burden is on appellant to show that there was error in the trial court's handling of his case,[6] and we can find no such showing in the record before us.

Appellant relies on our recent decision in Johnson v. District of Columbia, 101 A.2d 251, to support his contentions of error. But that case is clearly distinguishable from the present one. There we awarded a new trial on the ground that defendant did not intelligently waive his right to counsel, in view of the facts that he was only 19 years of age and that he was not informed by the court of his right to counsel on the day of trial (although he had been informed of that fact previously). In addition, Johnson alleged that he was totally unfamiliar with court proceedings, the nature of the charge against him, and the penalties that might result therefrom. None of those factors are present in this case.

Affirmed.

2. Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F. 2d 857, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003.

3. Carter v. People of State of Illinois, 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 172.

4. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

5. Johnson v. Zerbst, supra, 304 U.S. at page 464, 58 S.Ct. at page 1023.

6. Humphries v. United States, D.C.Mun. App., 68 A.2d 803.