**Marlin Dean HOYT and Robert Frederick Mall, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 5759.

United States Court of Appeals Tenth Circuit.

Jan. 27, 1958.

---

3. See also Lewyt Corp. v. Commissioner, 2 Cir., 1954, 215 F.2d 518, 522–523.

Robert W. Feiring, Kansas City, Kan., for appellants.

E. Edward Johnson, Topeka, Kan. (William C. Farmer, Topeka, Kan., and Milton P. Beach, Kansas City, Kan., on the brief), for appellee.

Before MURRAH, LEWIS, and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellants Hoyt and Mall contend that the trial court erroneously denied them relief under 28 U.S.C. § 2255 from sentences imposed for violation of 18 U.S.C. § 2312. They assert that they were deprived of their constitutional rights when the court denied their motions, made prior to sentence, for permission to withdraw pleas of guilty and to enter pleas of not guilty.

At their arraignment on January 14, 1957, appellants appeared with retained counsel. At that time they stood mute. On February 7, 1957, they were again before the court with their counsel and each changed his plea to guilty. The court requested a pre-sentence report and deferred further action in the case. On March 1, 1957, they appeared for sentence with the same counsel and each appellant asked permission to withdraw his guilty plea and enter a not guilty plea. Permission was denied and each appellant was sentenced to a term of five years. Later each sentence was reduced to three years.

The application for relief under Section 2255 is predicated on the proposition that the appellants were not advised by their attorney of their right to compulsory process to secure the attendance of witnesses in their behalf. It is urged that because of this failure the pleas were not voluntarily entered with an understanding of their legal rights.

After a full hearing at which appellant Mall and the retained attorney testified, the court found that:

(1) The guilty pleas were entered voluntarily.

(2) Each appellant had voluntarily executed a signed statement admitting the commission of the offense charged but on a date a few days earlier than that charged in the indictment.

(3) The statements were obtained without threats, promises or coercion and would be admissible in evidence at a jury trial.

(4) Most of the witnesses who might be summoned by compulsory process

would testify as to an alibi for the date mentioned in the indictment but not for the date given in the statements.

(5) The retained counsel had correctly advised appellants of their legal rights including their right to compulsory process and had taken all reasonable and necessary steps to protect their interests.

The court held that the variance between the date of the offense as alleged in the indictment and the date of the offense as shown by the signed statements was not a fatal defect and that the court did not abuse its discretion in denying permission to withdraw the guilty pleas.

Rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C. provides that a court shall not accept a guilty plea "without first determining that the plea is made voluntarily with understanding of the nature of the charge." Rule 32(d) says that a motion to withdraw a guilty plea may be made only before sentence is imposed or imposition of sentence is suspended but, "to correct manifest injustice," a court may permit the withdrawal of a guilty plea to be made after sentence.

■ A plea of guilty is itself a conviction and as conclusive as the verdict of a jury. One entering such a plea may be held bound by it.[1] A defendant who enters a plea of guilty has no legal right to withdraw it.[2] An application for leave to withdraw a plea of guilty is addressed to the sound discretion of the trial court.[3] An order granting or denying such an application is reviewable on appeal only for abuse of discretion.[4]

Appellants insist that in this proceeding under Section 2255 the rule just stated does not apply because there is an irregularity which affects their constitutional rights and privileges. The irregularity asserted is the alleged failure of their counsel to inform them of their constitutional right to compulsory process. If such irregularity existed, then the court abused its discretion in denying the motions to withdraw the guilty pleas.

■ The difficulty with appellants' argument is that the trial court specifically found that they were advised of their right to compulsory process. There is ample evidence in the record to support this and all other findings of the trial court. The appellants have not sustained the burden of showing them to be clearly erroneous.[5]

These appellants were represented by competent counsel of their own choosing. They gave voluntary statements admitting the theft and interstate transportation of a motor vehicle on a date which preceded by a few days the date alleged in the indictment. They sought to defend upon the basis of an alibi covering the date fixed by the indictment. The guilty pleas were made voluntarily, after proper advice and with full understanding of

1. Kercheval v. United States, 274 U.S. 220, 223–224, 47 S.Ct. 582, 71 L.Ed. 1009; Friedman v. United States, 8 Cir., 200 F.2d 690, 696, certiorari denied 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357.

2. United States v. Colonna. 3 Cir., 142 F.2d 210, 211; Bergen v. United States, 8 Cir., 145 F.2d 181, 186–187.

3. Callahan v. United States, 10 Cir., 35 F. 2d 633, 634; United States v. Mignoga, 2 Cir., 157 F.2d 839, 840, certiorari denied 330 U.S. 830, 67 S.Ct. 863, 91 L.Ed. 1278; Cantwell v. United States, 4 Cir., 163 F.2d 782, 783; Millard v. United States, 5 Cir., 148 F.2d 154, 156; Katz v. United States, 6 Cir., 161 F.2d 869, certiorari denied 332 U.S. 846, 68 S.Ct. 350, 92 L.Ed. 417; United States v. Swaggerty, 7 Cir., 218 F.2d 875, 880,

certiorari denied 349 U.S. 959, 75 S.Ct. 889, 99 L.Ed. 1282; Richardson v. United States, 8 Cir., 217 F.2d 696, 699; Rosensweig v. United States, 9 Cir., 144 F.2d 30, 33–34, certiorari denied 323 U.S. 764, 65 S.Ct. 117, 89 L.Ed. 612; Swift v. United States, 79 U.S.App.D.C. 387, 148 F.2d 361, 362.

4. United States v. Panebianco, 2 Cir., 208 F.2d 238, 239, certiorari denied 347 U.S. 913, 74 S.Ct. 478, 98 L.Ed. 1069; United States v. Shneer, 3 Cir., 194 F. 2d 598, 599–600; Williams v. United States, 5 Cir., 192 F.2d 39, 40; Stidham v. United States, 8 Cir., 170 F.2d 294, 297–298.

5. Brink v. United States, 10 Cir., 202 F.2d 4, 6, certiorari denied 345 U.S. 1001, 73 S.Ct. 1147, 97 L.Ed. 1406.

the consequences.[6]  A careful review of the record fails to disclose any deprivation of a constitutional right, any abuse of discretion, or any manifest injustice.[7] The judgment is affirmed.

---

6.  Von Moltke v. Gillies, 332 U.S. 708, 719, 68 S.Ct. 316, 92 L.Ed. 309; Hurst v. United States, 10 Cir., 180 F.2d 835, 837.

7.  Cf. Sullivan v. United States, 348 U.S. 170, 174, 75 S.Ct. 182, 99 L.Ed. 210, affirming Sullivan v. United States, 10 Cir., 212 F.2d 125.