UNITED STATES of America, Appellee,

v.

Sanford J. MOORE, Sherwood Schwach and Allen Kerner, Defendants-Appellants.

No. 364, Docket 26909.

United States Court of Appeals Second Circuit.

Argued April 11, 1961.

Decided May 18, 1961.

George Becker, New York City, for defendants-appellants.

Averill M. Williams, Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y. (Elliott Kahaner, U. S. Atty., Brooklyn, N. Y., on the brief), for appellee.

Before CLARK, MEDINA, and FRIENDLY, Circuit Judges.

PER CURIAM.

Defendants appeal from a judgment denying their motions to withdraw pleas of guilty to a three-count indictment charging them with fraudulently concealing the assets of a bankrupt estate and with conspiring to do so. 18 U.S.C. §§ 2, 152, 371. The pleas in question were entered against the advice of counsel on March 9, 1961, before Judge Rayfiel, who set March 30, 1961, as the date for sentencing. When defendants appeared in court for sentencing on that day, they moved under F.R.Crim.Proc. 32 (d) to withdraw their pleas of guilty. Denying the motions, Judge Rayfiel sentenced the defendants to prison terms of three years, two years, and fifteen months, respectively.

■■ A motion to withdraw a plea of guilty is addressed to the sound discretion of the district court. Before pleading guilty, defendants were carefully questioned by the clerk in the presence of the court, and acknowledged they understood that they had the right to a speedy and public trial by an impartial jury, that they were entitled to compulsory process to obtain witnesses in their behalf and to be confronted by the witnesses against them, that they could be sentenced to imprisonment, and that they were pleading guilty voluntarily, without any threat or promise to induce them so to plead. On this appeal, defendants make no attempt to deny that they entered their pleas knowingly and voluntarily, and with full knowledge of the possible consequences. Furthermore, their counsel does not offer any direct affidavits from them, but advances only his own assertions and hearsay belief in his clients. We do not think this case shows any abuse of discretion. See United States v. Panebianco, 2 Cir., 208 F.2d 238, certiorari denied Panebianco v. United States, 347 U.S. 913, 74 S.Ct. 478, 98 L.Ed. 1069.

Judgment affirmed.