James M. CRISER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7339.

United States Court of Appeals
Tenth Circuit.

July 15, 1963.

**850**

James E. Elliott, Jr., Denver, Colo., for appellant.

Melvin M. Gradert, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was with him on the brief), for appellee.

Before BRATTON, LEWIS, and BREITENSTEIN, Circuit Judges.

PER CURIAM.

Appellant Criser was charged in a 6-count information with violations of 18 U.S.C. § 2312. He was represented by retained counsel and pleaded guilty to all counts. He then was, and now is, a prisoner in the Kansas penitentiary. The court sentenced him to three years on each count with the sentences on two counts to run consecutively and the term of the first sentence to begin on his release from the Kansas penitentiary.

■ Criser moved for relief under Rule 32(d), F.R.Crim.P., on the ground that correction of the sentence was necessary to prevent manifest injustice. He asserted that his retained counsel was incompetent and had assured him that his federal sentence would run concurrently with the state sentence. After a hearing at which Criser testified, produced other witnesses, and introduced documentary evidence, the trial court found that the plea was voluntarily and intelligently entered with full knowledge of the charges and the penalty and that "there was no inducements, threats or promises made or expectation of leniency induced by the United States." The record sustains these findings.

■■ A defendant who enters a plea of guilty has no legal right to withdraw it and an application for leave to withdraw such plea is addressed to the sound discretion of the trial court. Hoyt v. United States, 10 Cir., 252 F.2d 460, 462. Mistakes of counsel are not grounds for relief unless the proceedings were a mockery or resulted in the deprivation of constitutional rights. Frand v. United States, 10 Cir., 301 F.2d 102, 103.

■ At the hearing the prosecution established without objection that Criser had admitted the offenses charged. A claim of manifest injustice is incompatible with such an admission, Watts v. United States, 107 U.S.App.D.C. 367, 278 F.2d 247, 251, when the sentence is within statutory limits. Cf. United States v. Sohnen, 2 Cir., 280 F.2d 109, 110.

Affirmed.