**Oran F. HUDSPETH, Appellant,**

v.

**Harry C. TINSLEY, Warden, Colorado State Penitentiary, Appellee.**

**No. 7903.**

United States Court of Appeals
Tenth Circuit.

Feb. 3, 1965.

Leonard R. Liss, Denver, Colo., for appellant.

John P. Moore, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., State of Colorado, on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This appeal is from a denial of appellant's habeas corpus petition seeking relief from a state sentence of seven to ten years imposed on his plea of guilty to charges of burglary and larceny. Appellant says that his plea was not voluntary and that he did not make an intelligent waiver of counsel.

The district court appointed an attorney for appellant and held a hearing at which appellant and 11 witnesses, all subpoenaed and obtained at government expense, testified. The appellee called no witnesses.

The record shows that appellant was arrested in Durango, Colorado, as a state parole violator; that while he was in jail one Miller confessed to a Durango burglary and implicated appellant; that the state officers permitted appellant and Miller to confer without any others being present; that after appellant had talked to Miller he said he would plead guilty to the burglary charges; that appellant was advised of his right to counsel and stated that he did not desire an attorney; and that before entry of his

plea appellant conferred with counsel representing his codefendant.

The trial court found that appellant had waived his right to counsel and that the guilty plea was made freely and voluntarily. The testimony of the witnesses called by appellant sustains these findings.

 Although appellant does not press the point, the record shows that the state court denied him permission to withdraw his guilty plea. An application for leave to withdraw a plea is addressed to the sound discretion of the trial court. See Criser v. United States, 10 Cir., 319 F.2d 849, 850, and Hoyt v. United States, 10 Cir., 252 F.2d 460, 462. In the instant case that discretion was not abused.

Affirmed.