**UNITED STATES of America, Appellee,**

v.

**Sanford J. MOORE, Appellant.**

**No. 253, Docket 30122.**

United States Court of Appeals Second Circuit.

Argued March 21, 1966.

Decided May 9, 1966.

Louis Scalzo, Atty., Dept. of Justice, Joseph P. Hoey, U. S. Atty., Eastern Dist. of N. Y., for appellee.

Mechta & Mechta, Flushing, N. Y., for appellant.

Before WATERMAN, MOORE and FEINBERG, Circuit Judges.

WATERMAN, Circuit Judge.

Appellant, charged in a three count indictment with knowingly and fraudulently concealing in contemplation of bankruptcy assets of a corporation, with concealing corporate assets from the receiver and trustee, and with conspiring to do so, pled guilty to all three counts, as did also two co-defendants. Three weeks later, on the day set for sentence upon his guilty plea, he moved before sentence under Rule 32(d), Fed.R. Crim.P. to withdraw his plea. The motion was denied and he was sentenced to three years imprisonment, a sentence subsequently reduced by the trial judge

to one year. He appealed the denial, we affirmed the lower court, United States v. Moore, 290 F.2d 501 (2 Cir., 1961), and a petition to the United States Supreme Court for a writ of certiorari was denied, 368 U.S. 837, 82 S.Ct. 49, 7 L.Ed.2d 38 (1961).

While the appellate proceedings were pending appellant filed a petition with the district court seeking a rehearing, this was denied, and appellant filed a notice of appeal therefrom. In the meantime appellant fully served his one year sentence and this second appeal was subsequently dismissed by stipulation before it was ever docketed in our court. Some four years after the sentencing, twenty-eight months after the completion of his sentence, and two years after the stipulated dismissal of his second appeal, appellant filed a third motion, this time to have his plea and conviction set aside under the second clause of Rule 32(d) "to correct manifest injustice." He alleged in this application that he was in no way associated with the bankrupt estate, that he did not have the effective assistance of counsel at the time he pled guilty, and that his guilty plea was not his voluntary act. This motion was denied by the trial judge, who handed down an extensive opinion, as yet unreported reciting the facts in the case, demonstrating, without peradventure of doubt, that the petition was thoroughly unmeritorious. Appeal was taken from this denial, and, from the bench in open court earlier this term, we affirmed the order below, Docket No. 29680, October 18, 1965.

While this last named appeal was pending appellant filed in the district court a fourth motion, the second one to have his plea and conviction set aside for manifest injustice. Again his motion was denied below, in a memorandum opinion, and again he has appealed to us. This time his contentions are no less frivolous than heretofore. Appellant claimed below that when the indictment was obtained one of the witnesses before the grand jury lied, and that the

property he was alleged to have secreted was not described with sufficient particularity in the indictment. He also claims to us that there are other matters that he would now like to inquire into relative to the technical adequacy of the indictment, even though it was adequate enough and explicit enough five years ago for him then to plead guilty to it, despite the advice of his then counsel.

We pointed out five years ago, in United States v. Moore, supra, when we affirmed the denial of the motion appellant brought requesting permission to withdraw his guilty plea before sentence was imposed upon him on that plea, that, through detailed questions asked of appellant and information given him by the Clerk of the court in the presence of the trial judge, the judge had, before accepting the plea, been most concerned to learn whether appellant's guilty plea was truly voluntary and had been most careful to have the consequences of a guilty plea fully explained. We held, citing United States v. Panebianco, 208 F.2d 238 (2 Cir. 1953), cert. denied, 347 U.S. 913, 74 S.Ct. 478, 98 L.Ed. 1069 (1954), that there had been no abuse of the trial judge's discretion, the only issue before us for review, in denying the motion. Now, after the imposition of sentence, appellant's burden to convince of an abuse of discretion is surely no less heavy and requires that he convince us that manifest injustice will be done him if the plea and conviction are not set aside.

We have examined and have considered all the contentions appellant has raised, including those raised for the first time in the appellate court, and we hold that no manifest injustice is caused to appellant by the denial of appellant's motion, see, e. g., United States v. Kahaner, 317 F.2d 459 at 463–467 (2 Cir. 1963) and that the sentencing judge did not abuse his wise discretion in entering his denial order.

The order of the sentencing judge below is affirmed.