**UNITED STATES of America,**
**Appellee,**

v.

**Roberto Antonio FERNANDEZ,**
**Appellant.**

**No. 814, Docket 34430.**

United States Court of Appeals,
Second Circuit.

Argued May 20, 1970.

Decided July 8, 1970.

Stanhope Lacy, Jr., Jamaica, N. Y., for appellant.

Maurice M. McDermott, and John R. Wing, Asst. U. S. Attys., (Whitney North Seymour, Jr., U. S. Atty., for the Southern District of New York, on the brief), for appellee.

Before SMITH and HAYS, Circuit Judges, and BARTELS, District Judge.*

BARTELS, District Judge:

Roberto Antonio Fernandez appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York following a denial by Judge John M. Cannella of his motion under Rule 32(d), Fed.R.Crim.Proc., 18 U.S.C., to withdraw his plea of guilty to an indictment charging bank robbery.

On June 19, 1969, Fernandez and three others, Robert Douglas, Wilmer E. Wilson, Jr. and Hubert A. Vaughan, were charged in an indictment in count one with conspiracy to commit bank robbery, in count two with bank robbery, and in count three with assault committed during the robbery all in violation of 18 U.S.C. §§ 371, 2113(a) and (d), and 2. On July 11th Fernandez pleaded not guilty to all counts, and on October 22nd he moved to suppress certain post-arrest statements and certain guns and amunition seized at the time of his arrest. Judge Cannella, after a full and exhaustive hearing, denied these motions but granted a related motion to suppress a stocking mask. Following this decision, Fernandez moved, on November 7th, to withdraw his plea of not guilty to count two, the robbery count, and to enter a plea of guilty, which motion was granted. On November 24th Fernandez, having engaged a new attorney, moved to withdraw his plea of guilty. After a hearing on November 26th, Judge Cannella denied the motion and sentenced him to twenty years' imprisonment.

Fernandez advances two contentions: first, that the district court abused its discretion in denying his motion for leave to withdraw his plea of guilty, and second, that the acceptance of his plea of guilty and the entry of a judgment thereon was an error as a matter of law. There is no merit to either contention.

■ Viewing the proceedings in chronological order, it is essential to ascertain at the outset whether the court fully complied with the provisions of Rule 11 of the Federal Rules of Criminal Procedure, 18 U.S.C., before accepting the plea. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, (1969). An examination of the record discloses that before accepting this plea the court conducted an exhaustive *voir dire* of Fernandez, in the course of which Fernandez made it abundantly clear that the plea was made voluntarily[1] and with full understanding of the nature of the charge and the consequences thereof. At the same time Fernandez furnished a strong factual basis for the plea by giving a complete and particularized account of the part he played in the bank robbery, which, among other things, consisted of standing guard, armed with a shotgun, at the front door of the bank and preventing others from leaving.

With this in mind, we turn to the hearing on the subsequent motion to withdraw the plea. At that time Fernandez took the stand and testified that he was innocent and that his former lawyer advised him to plead guilty despite his protestations of innocence and his desire to proceed to trial. He further claimed that he was threatened by a Government attorney, in the presence of his first counsel, that unless he agreed to testify against a co-defendant the Government would "make it hard" on him. However, when the Govern-

---

* Of the Eastern District of New York, sitting by designation.

1. The following is an excerpt from the colloquy between the trial judge and Fernandez:

"Q. [Y]ou now desire to change your plea to the second count from not guilty to guilty. That is what you want to do? A. Yes, sir.

Q. Have you been forced or threatened by anybody into doing this? A. No, sir.

Q. Is this action on your part a free and voluntary action? A. Yes, sir.

Q. And are you contemplating doing this because you yourself feel you are guilty of this charge that you want to plead guilty to? A. Yes, sir."

ment called his first attorney to the stand, Fernandez' new attorney refused to waive his attorney-client privilege and would not permit him to testify. Fernandez made additional charges, such as the claim that his plea resulted from coercion by the FBI in connection with some photograph shown him in June, 1969[2] and another claim that his plea was induced by the advice of a fellow inmate that after the plea he would be moved to a more comfortable place of detention. By affidavit, the Government explicitly denied any threats to Fernandez or any coercion by the FBI. Of course, the Government is not responsible for action taken by Fernandez on the advice of fellow inmates. At the conclusion of the hearing the district court stated that Fernandez' story was "made up of whole cloth and almost frivolous."

■ The weight to be accorded the testimony and the credibility of the witnesses at such a hearing is primarily entrusted to the trial judge, United States v. Hughes, 325 F.2d 789, 792 (2d Cir. 1964), cert. denied, 377 U.S. 907, 84 S. Ct. 1167, 12 L.Ed.2d 178 (1964), and the burden is upon the defendant to satisfy the trial judge that there are grounds for such withdrawal. United States v. Giuliano, 348 F.2d 217 (2d Cir. 1965), cert. denied, 382 U.S. 946, 86 S.Ct. 406, 15 L.Ed.2d 354 (1965). As we have held on previous occasions, a defendant has no absolute right to withdraw a plea of guilty, an application for such withdrawal being addressed to the sound discretion of the trial judge "whose decision is reversible only if clearly erroneous." United States v. Giuliano, *supra*, at 221; United States v. Hughes, *supra*; United States v. Moore, 290 F.2d 501 (2d Cir. 1961), cert. denied, 368 U. S. 837, 82 S.Ct. 49, 7 L.Ed.2d 38 (1961); United States v. Lester, 247 F. 2d 496 (2d Cir. 1957). See United States v. Komitor, 392 F.2d 520 (2d Cir. 1968), cert. denied, 393 U.S. 827, 89 S.Ct. 91, 21 L.Ed.2d 98 (1968). Here there is no possible basis for such reversal.

■ Finally, Fernandez argues that, as a matter of law, there could be no factual basis for his plea because he could not have violated 18 U.S.C. § 2113(a) since he did not personally take any money from the bank or handle any of the loot. But, as noted above, he admitted his participation in the robbery as a guard and this was sufficient to classify him as an aider and abettor under the concept set forth in 18 U.S.C. § 2 even though he handled no part of the proceeds of the robbery. See United States v. Simmons, 281 F.2d 354 (2d Cir. 1960); Pinkney v. United States, 380 F.2d 882 (5th Cir. 1967), cert. denied, 390 U.S. 908, 88 S.Ct. 831, 19 L. Ed.2d 876 (1968).

Upon the record, we are satisfied that the requirements of Rule 11 have been fully met and that there has been no abuse of discretion by the trial court in denying the defendant's motion to withdraw the plea.

Affirmed.

---

**2.** The relationship between this alleged coercion in June, 1969 and the alleged involuntariness of the plea in November, 1969 was never put forth at the hearing or upon this appeal. However, to the extent that this claim was raised at the earlier suppression hearing, it was rejected by Judge Cannella's finding that the post-arrest inculpatory statements were made voluntarily.