UNITED STATES of America

v.

Stephen D. LaFLEUR.

Crim. A. No. 87–48–01.

United States District Court, D. Vermont.

Oct. 28, 1987.

Charles A. Caruso, Asst. U.S. Atty., Rutland, Vt., for government.

Peter Montagne, Rutland, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, District Judge.

By motion of September 24, 1987, the defendant, Stephen D. LaFleur moves to withdraw his guilty plea entered in this Court on September 8, 1987, and accepted on September 14, 1987. For the reasons set forth below, defendant's motion is DENIED.

### BACKGROUND

On July 14, 1987, a federal grand jury returned a one count indictment charging the defendant with a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. On August 17, 1987, the government filed an Information Charging Prior Offenses to notify the defendant that it intended to seek the enhanced penalty provisions of 18 U.S.C. § 924(e)(1). Defendant, convicted of eight prior felonies, faced a mandatory period of incarceration of fifteen years if convicted and found subject to the enhanced penalties.

On September 8, 1987, defendant, appearing with counsel, indicated to this Court his desire to change his earlier plea and enter a plea of guilty. On the same day, the defendant, his counsel, and the Assistant United States Attorney ("AUSA") signed and presented to the Court a written plea agreement.

The Court conducted a full hearing pursuant to Fed.R.Cr.P. 11 ("Rule 11 hearing") to ascertain defendant's capacity to enter a guilty plea. After extensive questioning, the Court found the defendant competent to enter a plea.

On September 24, 1987, two working days prior to defendant's scheduled sentencing, defendant moved to withdraw his guilty plea. By affidavit, defendant contends that a history of drug and alcohol use and a daily ingestion of marijuana while incarcerated after his most recent arrest impaired his judgment making him incapable of appreciating the ramifications of his guilty plea. Additionally, defendant asserts that he did not have sufficient time to review the plea agreement prior to entering his guilty plea.

By memorandum of October 14, 1987, the government vigorously opposed defendant's motion. This Court held a hearing on the motion on October 19, 1987.

## DISCUSSION

The withdrawal of a guilty plea is provided for in Fed.R.Cr.P. 32(d) which states that:

> If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, imposition of sentence is suspended, or disposition had under 18 U.S.C. § 4205(c), the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

■ Thus, in reviewing a motion to withdraw a guilty plea, a court must first ascertain that "fair and just" reasons exist before granting the motion. *Kercheval v. United States,* 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927).

In *United States v. Carr,* 740 F.2d 339 (5th Cir.1984), *cert. denied,* 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985), the Fifth Circuit Court of Appeals gleaned from a variety of circuits seven factors to weigh in deciding if "fair and just" reasons exist to allow the withdrawal of a guilty plea. The factors are:

(1) Whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources, and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*Id.* at 343–44 (footnotes omitted).

■ In briefly applying each of the *Carr* factors to the instant case, it is evident that "fair and just" reasons do not exist to permit the plea withdrawal.

### 1. Assertion of Innocence.

Defendant entered his guilty plea on September 8, 1987. Neither in his affidavit, his motion to withdraw the guilty plea and the accompanying memorandum, nor at oral argument has defendant asserted his innocence to the crime charged. This circuit acknowledges the importance of an assertion of innocence in reviewing a motion to withdraw a guilty plea. *United States v. Hughes,* 325 F.2d 789 (2d Cir.), *cert. denied,* 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 178 (1964).

### 2. Prejudice to the Government.

■ Defendant claims the government will not be prejudiced by his withdrawal of his guilty plea. Lack of prejudice, however, is not a sufficient basis alone for granting defendant's motion. *United States v. Saft,* 558 F.2d 1073, 1083 (2d Cir.1977). The government must only show prejudice to counter a showing by the defendant of a sufficient basis for granting defendant's motion. *Id.* Absent a sufficient showing by the defendant, the issue

of prejudice to the government is irrelevant.

### 3. Delay in Filing Motion.

■ A speedy withdrawal of a guilty plea "is itself strong indication that the plea was entered in haste and confusion...." *United States v. Barker*, 514 F.2d 208, 222 (D.C.C.A.) (en banc), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975). Where a defendant delays withdrawing a plea and receives competent legal advice, a greater burden is placed upon the defendant to justify the motion. *Id.*

Defendant has never alleged ineffective assistance of counsel. Moreover, defendant's motion came sixteen days after he entered his guilty plea—hardly a "swift change of heart." *Id.*

### 4. Inconvenience to the Court.

Defendant filed the present motion two working days prior to the scheduled sentencing and after the probation department conducted a full pre-sentence investigation. Additionally, on the day of defendant's scheduled trial, the same day he entered his original guilty plea, the Court had assembled a full panel of jurors. While the inconvenience of repeating this procedure would not justify denying defendant's motion, the Court weighs this in its decision.

### 5. Assistance of Counsel.

As previously indicated, defendant never objected to his counsel but rather indicated his satisfaction with his representation at the Rule 11 hearing. The Court does not perceive any basis for questioning the effectiveness of defendant's representation.

### 6. Knowing and Voluntary Original Plea.

By affidavit, defendant contends that his guilty plea was not knowing because of his clouded perceptions and the short time available for reviewing the plea agreement. Both of these contentions are directly contradicted by the defendant's statements at the Rule 11 hearing.

The following exchange took place at the hearing:

The Court: Have you taken any drugs, medicine or pills or drunk any alcoholic beverages in the past 24 hours?

The Defendant: No.

The Court: Do you understand what is happening here today?

The Defendant: Yeah.

The Court: Do you, Mr. Montagne [defendant's counsel], or you, Mr. United States Attorney, have any doubt as to the defendant's competence to enter a plea at this time?

Mr. Caruso [AUSA]: No, Sir.

Mr. Montagne: No, your Honor.

The Court: Based on the record and the representations of counsel, the Court makes a finding that the defendant is competent to enter a plea at this time. Mr. LaFleur, have you had ample opportunity to discuss your case with your attorney?

The Defendant: Yes, I have.

At oral argument on the present motion, the government introduced, without objection, a report of a urinalysis performed on the defendant while he was incarcerated on the present charge. Government's Exhibit 1. The report was negative, indicating the absence of controlled substances in the defendant's system. The exhibit directly undercuts defendant's claim of daily ingestion of marijuana while incarcerated.

Based upon all of the above, there is no credible basis for defendant's claim that he did not appreciate the events transpiring. Other courts have denied similar claims of drug-induced inability to enter a knowing plea after a finding of competence at the Rule 11 hearing. *See, e.g., United States v. Benavides*, 793 F.2d 612 (5th Cir.), *cert. denied*, — U.S. ——, 107 S.Ct. 232, 93 L.Ed.2d 158 (1986). *See also, United States v. Teller*, 762 F.2d 569 (7th Cir.1985) (denying post-sentence motion to withdraw guilty plea).

### 7. Waste of Judicial Resources.

In light of the analysis above, this factor merits no further discussion.

Defendant's familiarity with the criminal justice system provides one further factor to consider in reviewing his motion. With eight prior felony convictions, two for the same offense as is presently charged, defendant had at least a passing knowledge of the court proceedings. This circuit has acknowledged that a court may consider a defendant's familiarity with the criminal justice system in reviewing a motion to withdraw a guilty plea. *United States v. Panebianco*, 208 F.2d 238 (2d Cir.1953), *cert. denied*, 374 U.S. 913, 74 S.Ct. 478, 98 L.Ed. 1069 (1954).

## CONCLUSION

By defendant's own admission in his supporting memorandum, he has only put forth "colorable arguments" to support his motion to withdraw his guilty plea. The standard, however, is whether "fair and just" reasons exist to allow the defendant to change his plea. Finding no such reasons present, defendant's motion is DENIED. Sentencing is scheduled for November 4, 1987.

SO ORDERED.